[Civ. No. 2116. First Appellate District.—September 28, 1917.]

## WILLIAM T. SATTERWHITE, Appellant, v. E. F. GARRISON, as Auditor, etc., Respondent.

PUBLIC OFFICER—MEMBER OF LEGISLATURE—HOLDING OF TWO OFFICES—APPLICABILITY OF CONSTITUTIONAL AMENDMENT. — The amendment of section 19 of article IV of the Constitution, which went into effect on December 21, 1916, providing that no member of the legislature shall, during the term for which he shall have been elected, hold or accept any office, trust, or employment under the state, provided that the inhibition shall not apply to any office filled by election by the people, is applicable to a member of the legislature who was holding the office of deputy district attorney at the time the amendment went into effect.

ID. — DEPUTY DISTRICT ATTORNEY HOLDER OF OFFICE UNDER STATE — CONSTRUCTION OF CONSTITUTIONAL PROVISION. — A deputy district attorney, though generally known as a county officer, is the holder of an office, trust, or employment under the state, within the meaning of section 19 of article IV of the Constitution.

ID. — DEPUTY DISTRICT ATTORNEY NOT HOLDER OF OFFICE FILLED BY ELECTION OF PEOPLE.—A deputy district attorney is not the holder of an office filled by election by the people, within the meaning of section 19 of article IV of the Constitution, as the Political Code by providing for the appointment, salary, and term of office of such an officer, recognizes him as an entity distinct from that of district attorney.

ID.—CONSTITUTIONAL AMENDMENT—INTENT OF.—The intent and purpose of the framers in proposing, and of the people in adopting, the amendment to section 19 of article IV of the Constitution was the preclusion of members of the law-making branch of the state government from seeking or holding any appointive office or employment in or under any department or subdivision of the general state government, by the seeking or holding of which his independent action as such member of the legislature might be in any wise influenced or affected.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste and William H. Donahue, Judges.

The facts are stated in the opinion of the court.

D. C. Dutton, and M. C. McDonough, for Appellant.

W. H. L. Hynes, District Attorney, and James M. Koford, Assistant District Attorney, for Respondent.

THE COURT.—The petitioner, being a deputy district attorney of the county of Alameda, applied to the superior court for a writ of mandate directed to the defendant, auditor of that county, commanding him to issue and deliver to the petitioner a warrant for the amount of his salary as such deputy district attorney for the period between December 21, 1916, and the end of that month—the defendant having theretofore declined to do so, basing his refusal upon the ground that the petitioner having been elected a member of the legislature was, by section 19 of article IV of the Constitution as amended and in effect on said twenty-first day of December, inhibited from holding any office or employment under the state during the term of his legislative mandate. The trial court upheld the contention of the defendant—which was raised upon demurrer to the petition—denied leave to amend said petition, and entered judgment in favor of defendant for his costs. Petitioner appeals from such judgment.

The first contention of the appellant is that the amendment to said section of the Constitution taking effect December 21, 1916, does not apply to him, for the reason that he was holding the two offices in question at the time said amendment took effect; and that to apply it to his case would be to make the amendment retroactive.

It is unnecessary, in our view, to discuss at length this first objection of the appellant as the question was exhaustively considered by the district court of appeal for the third district in the recent case of *Chenoweth* v. *Chambers*, 33 Cal. App. 104, [164 Pac. 428], in which the same contention was made and held to be untenable. We are satisfied to follow the reasoning and authority of that case.

It is next urged by appellant that the constitutional inhibition does not apply to him for the further reason that a deputy district attorney is not the holder of an "office, trust or employment under this state."

The language of the particular section is as follows: "No senator or member of the assembly shall, during the term for which he shall have been elected, hold or accept any office, trust or employment under this state; provided that this provision shall not apply to any office filled by election by the people."

While it must be conceded that a deputy district attorney is not one of the state officers provided for by the Constitution and he is what is generally known as a county officer, we think the terms of the Constitution "office, trust or employment under this state" have a much broader signification than that contended for by appellant, and that his office must be held to be covered by them. In *People* v. *Leonard,* 73 Cal. 230, [14 Pac. 853], it was held that a supervisor—who also is a county officer—is the holder of a "civil office of profit under this state." So also of a county superintendent of schools in *Crawford* v. *Dunbar,* 52 Cal. 39; and of a sheriff in *Searcy* v. *Grow,* 15 Cal. 117. We think these cases are not overruled by *Nicholl* v. *Koster,* 157 Cal. 416, [108 Pac. 302], which holds that probation officers are not "officers of the state government," but are "minor officers of the local county government," the term "officers of the state government" being evidently much more restricted and of narrower import than the clause of the Constitution now under consideration.

This second contention of the appellant must therefore be rejected, as also his third, that a deputy district attorney, if the holder of any office at all, occupies one "filled by election by the people," and therefore is not affected by said constitutional provision.

The argument in support of this last proposition is that as a deputy district attorney is the holder of no office distinct from his chief, and is in contemplation of law the district attorney, who holds by election, his deputy therefore is the holder of an "office filled by election by the people." But the Political Code of this state by providing for the appointment, the salary, and term of office of a deputy district attorney, recognizes him as an entity distinct from his chief. His office being filled by appointment, it would be absurd to regard it as one "filled by election by the people," and therefore not affected by the constitutional inhibition which we are considering.

Upon the merits of the whole case we are of the opinion that the intent and purpose of the framers in proposing, and of the people in adopting, this constitutional provision was the preclusion of members of the law-making branch of the state government from seeking or holding any appointive office or employment in or under any department or subdivision of the general state government, by the seeking or hold-

ing of which his independent action as such member of the legislature might be in any wise influenced or affected.

For the reasons above set forth the judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1917.