## STATE EX REL. WILLIAM A. ANDERSON v. AL P. ERICKSON AND ANOTHER.[1]

April 25, 1930.

No. 28,023.

[1]Reported in 230 N. W. 637.

*Erling Swenson,* for petitioner.

*Wright & Wright* and *A. W. Bowen,* for respondent Youngdahl.

*S. Paul Skahen,* Assistant County Attorney, for respondent Erickson.

STONE, J.

Original proceeding in this court on the petition of William A. Anderson, a freeholder and elector of the county of Hennepin, whereby he challenges the right of respondent Emil S. Youngdahl to become a candidate for nomination at the primary election to be held June 16, 1930, for the office of county commissioner for the fourth county commissioner district of Hennepin county for the term beginning January 5, 1931. Respondent Erickson is such in his official capacity as auditor of Hennepin county. By their answers to the petition respondents admit the essential facts herein stated.

Mr. Youngdahl is a member of the legislature, having been elected at the general election in November, 1928, for the term commencing January 7, 1929, and expiring January 5, 1931. During the session of 1929 the legislature of which he was a member passed "an act fixing the salaries of county commissioners in all counties of this state now or hereafter having a population of 415,000 or more inhabitants." (L. 1929, p. 533, c. 376.) The salary of the county commissioners of Hennepin county, including the commissioner from the fourth district thereof, was thereby fixed at $3,600 and increased $600.

■ Section 9 of art. 4 of the constitution of Minnesota provides that:

"No senator or representative shall, during the time for which he is elected, hold any office under the authority of the United States or the state of Minnesota, except that of postmaster, and no senator or representative shall hold an office under the state which

has been created or the emoluments of which have been increased during the session of the legislature of which he was a member, until one year after the expiration of his term of office in the legislature."

The effect of that language cannot be confined to those who are state officers in the ordinary sense of that term, those whose jurisdiction is coextensive with the state. Compare County of Douglas v. Timme, 32 Neb. 272, 49 N. W. 266. The prohibition against the holding of "any office under the authority" of either the United States or the state "except that of postmaster" is plainly intended to include every office created or existing under the state or national authority excepting only that of postmaster. In view of its close association with such a context, the accompanying prohibition against the holding of "an office under the state" must be given an equally comprehensive scope. In Attorney General v. City of Detroit, 112 Mich. 145, 147, 70 N. W. 450, 37 L. R. A. 211, it was held that the office of mayor of a city was within the provision of the Michigan constitution that no "person holding office under the United States or this state, shall execute the office of governor." Local officers were held within similar provisions in People ex rel. Marshall v. Leonard, 73 Cal. 230, 14 P. 853 (district supervisor), and Shelby v. Alcorn, 36 Miss. 273, 72 Am. D. 169 (county levee commissioner). See also 7 Wd. & Phr. (3 ser.) 135. "Officers of municipal corporations * * * are, in respect to all general laws having force and operating within their municipality, agents of the state." State ex rel. Young v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L.R.A. (N.S.) 1127.

The duties of county commissioners in Minnesota are such as to make them officers "under the state." All else aside, the plain purpose of the constitutional prohibition would be thwarted in proportion as we denied its effect upon any such officers the creation of whose official place or the fixing or increasing of whose salaries or other emoluments are within the power of the legislature. The purpose was to protect the taxpayers from the working of selfish interest in the creation of public place and the fixing of compen-

sation for public service. Local taxpayers are as much entitled to that protection as those of the state at large, and the plain purpose of the constitution is to extend it to them.

■ By art. 7, § 7, of the state constitution every person constitutionally "entitled to vote at any election shall be eligible" to any elective office "except as otherwise provided in this constitution, or the constitution and laws of the United States." That is the general rule. Art. 4, § 9, imposing upon members of the legislature a disqualification to hold any office, for the period therein stated, which has been created or the emoluments of which have been increased during the session of the legislature of which they are members, creates an exception from the general rule. All provisions of a constitution must be given effect if reasonably possible. Those now involved, the one declaring the general eligibility for office of any qualified elector and the other a special and limited disqualification of a member of the legislature, are self-harmonizing. One declares the general rule and the other simply creates an exception from it.

The term of the office Mr. Youngdahl seeks will begin on the day of the expiration of the term for which he was elected a member of the legislature. Even though he were elected, he would be disqualified by the constitution and would remain so for one year, that is, until January 5, 1932.

It follows that the petition must be granted and an order issued, pursuant to the statute (G. S. 1923 [1 Mason, 1927] § 316), directing respondent Al P. Erickson, as auditor of the county of Hennepin, to strike the name of his corespondent, Emil S. Youngdahl, from the list of candidates for nomination to the office in question at the primary election to be held in June, 1930.

So ordered.