## PADRON v. PEOPLE OF PUERTO RICO
### ex rel. CASTRO.
### No. 3888.

Circuit Court of Appeals, First Circuit
April 28, 1944.

Jerome H. Simonds, of Washington, D. C., Francis M. Shea, Asst. Atty. Gen., David L. Kreeger, Sp. Asst. to the Atty. Gen., and Hubert Margolies, of Washington, D. C., for the People of Puerto Rico.

Bolivar Pagan and F. Fernandez Cuyar, both of San Juan, P. R., for appellant.

Edilmiro Martinez Rivera, of San Juan, P. R., for Luis A. Castro.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The Attorney General of Puerto Rico because of the public interest involved authorized Luis A. Castro to file his complaint in the nature of a quo warranto proceeding against Lino Padron Rivera to investigate the title or right of the defendant to the office of secretary of the capital of Puerto Rico.

The plaintiff was appointed secretary of the capital on September 11, 1931, and reappointed on January 4, 1937. He continued in the office until April 22, 1941, when the defendant, who had been appointed secretary in February, 1941, took possession of it. At the same time the defendant was serving as a member of the Senate in the Legislature of Puerto Rico. The plaintiff filed his complaint in the District Court of San Juan alleging that he had not resigned nor abandoned his office nor had he been removed from it .and that the defendant was ineligible to hold such office because of the prohibition contained in Section 30 of the Organic Act of Puerto Rico that "No senator or representative * * * shall, during his term of office, be appointed to any civil office under the Government of Puerto Rico." 39 Stat. 959, as amended in 52

Stat. 595, 48 U.S.C.A. § 819.[1] The District Court held that the fact that the defendant was a member of the Senate did not incapacitate him from appointment as secretary of the capital, but that the plaintiff had not surrendered or abandoned his office.

Upon appeal by the defendant the Supreme Court of Puerto Rico held that the official term of the secretary of the capital is four years and that the plaintiff, having completed his term in 1941, held his office at the will of the city manager who had been elected in November, 1940. It said that the plaintiff had not been suspended nor had any charges been preferred against him for his removal, but that he had voluntarily surrendered the office to his successor and did not ask to be put in possession of it. It further held that the appointment of the defendant was invalid because as a senator in the Insular Legislature he could not legally be appointed to the office of secretary of the capital as that office was a "civil office under the Government of Puerto Rico." The defendant has now appealed to this court and filed a supersedeas bond. He has submitted his case on brief but without oral argument. The plaintiff Castro has taken no part in this appeal. The People of Puerto Rico, however, have filed a brief and argued the case before us because they say it is a question of importance involving the principles of public administration in the island.

■ The only issue presented is whether Section 30 of the Organic Act prohibits the appointment of the defendant, a Senator in the Insular Legislature, to the office of secretary of the capital of Puerto Rico. We think the Supreme Court of Puerto Rico committed no error in answering this question in the affirmative.

The prohibition in the Act is twofold. It runs directly against the appointing power and denies it the authority to appoint a Senator or Representative in the Insular Legislature to a "civil office under the Government." But it also means that the members of the Legislature are ineligible for appointment during their term to any such civil office. The secretary of the capital who is the same as city clerk of San Juan, receives a salary of $4,500 a year, is required under Act 99 of the Laws of Puerto Rico 1931 to call special meetings of the Board of Commissioners when directed by the Governor; to keep the minutes of the Board of Commissioners; to keep the archives and civil registry of the capital and to certify all ordinances and resolutions adopted by the Board. Unquestionably his office is a civil one and no contention is made otherwise. The only question for our consideration is whether it is a civil office under the Government of Puerto Rico.

The Government of Puerto Rico is made up of the central or insular government and the various municipal governments which have been described as parts of the governmental machinery of the island. San Millan v. Pension Board, 45 P.R.R. 236, 237. The municipalities further are subject to the power and control of the Legislature which may create, consolidate and reorganize them and provide and repeal laws and ordinances for their government consistent with the Organic Act, 48 U.S.C.A. § 731 et seq.

In Municipality v. Commissioner of Health, 50 P.R.R. 789 (1937) at p. 793, the Supreme Court of Puerto Rico said:

"In general terms, the relation in this Island between the municipalities and the territory is the same as that existent in the various states of the Union between their municipalities and the state."

■ In City of Worcester v. Street Railway Co., 196 U.S. 539, 548, 25 S.Ct.

---

[1] "The terms of office of senators and representatives elected at any general election shall be four years, commencing on the 2d day of January following the date upon which such election was held. In case of vacancy in the office of any senator or representative occurring by reason of death, resignation, or otherwise, the Governor, upon the recommendation of the central committee of the political party of which such senator or representative was a member, shall appoint a senator or representative from such political party to fill such vacancy who shall hold office for the remainder of the term for which his predecessor was elected. No senator or representative so elected or appointed shall, during his term of office, be appointed to any civil office under the Government of Puerto Rico, and no such senator or representative shall be eligible for appointment to any office created during his term of office until the expiration of two years after the date upon which his term of office shall have expired."

327, 329, 49 L.Ed. 591, the Supreme Court of the United States said:

"A municipal corporation is simply a political subdivision of the state, and exists by virtue of the exercise of the power of the state through its legislative department. The legislature could at any time terminate the existence of the corporation itself, and provide other and different means for government of the district comprised within the limits of the former city. The city is a creature of the state."

It is a part of the machinery used in carrying on the affairs of the state and is a mere agent or instrumentality of the state for the convenient administration of the government.

The authorities are divided as to whether a municipal office is an office under the state government within the meaning of the corresponding provisions of the State Constitutions. For cases indicating that the words "under the state government" as so appearing in Constitutions are to be given a broad meaning so as to include others than strictly state offices, see State v. Barham, 1931, 173 La. 488, 137 So. 862; Attorney General v. Common Council, 1897, 112 Mich. 145, 70 N.W. 450, 37 L.R.A. 211; State ex rel. Anderson v. Erickson, 1930, 180 Minn. 246, 230 N.W. 637; Shelby v. Alcorn, 1858, 36 Miss. 273, 72 Am.Dec. 169; State ex rel. Kirskey v. Kelley, 1902, 80 Miss. 303, 31 So. 901; State ex rel. Attorney General v. Valle, 1867, 41 Mo. 29. The better reasoning reaches that result. As was said in Satterwhite v. Garrison, 1917, 34 Cal.App. 734, 736, 737, 168 P. 1053, 1054, where the California court held that a member of the Legislature was denied the right to an appointment as a deputy district attorney of a county under a constitutional prohibition against his holding office under the state, the intention of the prohibition was to preclude "members of the law-making branch of the state government from seeking or holding any appointive office or employment in or under any department or subdivision of the general state government, by the seeking or holding of which his independent action as such member of the Legislature might be in any wise influenced or affected."

■ An examination of the legislative history of § 30 of the Organic Act demonstrates that such was the actual purpose and design of Congress. The Senate Committee on Pacific Islands and Puerto Rico, which had before it the study of the legislation which later became the Organic Act of Puerto Rico, in adding the provision here under consideration, stated in its report to the Senate: "The above provision, recommended by this committee, as an amendment to the bill, is designed to remove from the thoughts of the legislators any expectation of reward or personal advantage in the enactment of legislation. A similar provision is found in most of our State constitutions and it has a wholesome effect."[2]

It is obvious that to construe narrowly the words "under the government" so as to preclude municipal offices, would defeat the proclaimed purpose of the section. If the defendant could accept an appointment as secretary of the capital at a salary of $4,500 a year, the intention "to remove from the thoughts of legislators any expectation of reward or personal advantage" would be circumvented. It was found by the trial court that this appointment "was based solely on reasons of a political nature, that is, to fulfill political promises", the very thing intended to be prevented. Should a member of the Legislature receive or accept an appointment to a municipal post, there is the danger that he might lose that independence and impartiality of thought and consideration desirable for him to possess. Where a measure involving the municipality is before the Legislature for consideration, the fact that a member thereof holds a municipal office might subject him to influences destructive of his independence of action.

We believe the office of the secretary of the capital is a civil office under the Government of Puerto Rico within the meaning of the Organic Act.

The judgment of the Supreme Court of Puerto Rico is affirmed.

---

[2] S.Rep. No. 579 (64th Cong., 1st Sess., June 30, 1916), p. 3