COUNTY OF DOUGLAS v. GEORGE E. TIMME.

[FILED JUNE 30, 1891.]

1. **Officers:** CHANGE OF TERM AND COMPENSATION: CONSTITUTIONAL LAW. In the absence of any constitutional prohibition, or affirmative provision, fixing the term of office of any officer or his compensation, the legislature may change such term or compensation, and such change of term or compensation will apply as well to the officers then in office as to those to be thereafter elected.

2. ——: ——: ——. Where an office is created by the constitution, the compensation of the officer can neither be increased nor diminished during his term of office.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*T. J. Mahoney*, for plaintiff in error, cited: *State v. Stanley*, 66 N. Car., 59; *Hall v. State*, 39 Wis., 79; *State v. Goss*, 69 Me., 22; *State v. Dist. Board*, 44 N. W. Rep. [Wis.], 967; *State v. McDowell*, 19 Neb., 442; *Wheelock v. McDowell*, 20 Id., 160; *People v. Hurlbut*, 24 Mich., 59; *Auditor v. Cochran*, 9 Bush [Ky.], 7; *Supervisors v.*

*Hackett,* 21 Wis., 620; *State v..Kalb,* 50 Id., 178; *Mangam v. Brooklyn,* 98 N. Y., 585; *Com'rs v. Mighels,* 7 O. St, 109; *Woods v. Colfax Co.,* 10 Neb., 552.

*Cowin & McHugh,* and *William Leese, contra,* cited: *Butler v. Pennsylvania,* 10 How. [U. S.], 402; *U. S. v. Edwards,* 1 McLean [U. S.], 467; *Connor v. N. Y.,* 2 Sanf. [N. Y.], 355; *Wilcox v. Rodman,* 46 Mo., 323; *Perkins v. Corbin,* 45 Ala., 103; *State v. Douglas,* 26 Wis., 428; *Knoup v. Piqua Bank,* 1 O. St., 616; *Walker v. Peelle,* 18 Ind., 264; *State v. Davis,* 44 Mo., 129; *Barker v. Pittsburg,* 4 Pa. St., 51; *People v. Bull,* 46 N. Y., 57; *Maximilian v. Mayor,* 62 Id., 160; *Western College v. Cleveland,* 12 O. St., 375; *People v. Hurlbut,* 24 Mich., 44; Dillon, Mun. Corp., secs. 975, 977, 980; *Buttrick v. Lowell,* 1 Allen [Mass.], 172; *Bowditch v. Boston,* 101 U. S., 16; *Ogg v. Lansing,* 35 Ia., 495; *Wheeler v. Cincinnati,* 19 O. St., 19; *Richmond v. Long's Adm'r,* 17 Gratt. [Va.], 375; *Brown v. Vinalhaven,* 65 Me., 402; *Lloyd v. Mayor,* 5 N. Y., 369; *State v. Stanley,* 66 N. Car., 59; *Hall v. State,* 39 Wis., 79; *State v. Goss,* 69 Me., 22; *Wallace v. Menasha,* 10 Cent. Law Jour., 147; *State v. Kirk,* 44 Ind., 401; *Board of Supervisors v. Hackett,* 21 Wis., 613; *Wyandotte v. Drennan,* 46 Mich., 478; *People v. Lippincott,* 67 Ill., 333; *Koontz v. Franklin Co.,* 76 Pa. St., 154; *County Com'rs v. Jones,* 18 Minn., 199; *Augusta v. Sweeney,* 44 Ga., 463; *Perkins v. Corbin,* 45 Ala., 103; *Rounds v. Smart,* 71 Me., 383; *Prince v. Skillin,* Id., 361; *Farwell v. Rockland,* 62 Id., 296; *Robinson v. White,* 26 Ark., 139; *Kendall v. Canton,* 53 Miss., 526; *Evans v. Populus,* 22 La., Ann., 121; *Williams v. Newport,* 12 Bush [Ky.], 438; *Newton v. Com'rs,* 100 U. S., 559.

MAXWELL, J.

The defendant in error was elected county commissioner of Douglas county, his term commencing in January, 1886,

20

and terminated January, 1888. At the time he was elected, the compensation of county commissioner was fixed by statute at $3 per day for each day necessarily employed in the duties of said office, and five cents per mile as fees for going to and returning from the county seat.

On the 31st of March, 1887, an act was passed by the legislature which provided that in all counties having over 70,000 inhabitants, each county commissioner should receive a salary of $1,800 per annum. This act applied to Douglas county, and was in force at least six months before the termination of the term of office of the defendant in error.

The defendant in error claimed that he was entitled to compensation under the new law, and presented his claim to the county board of Douglas county, which rejected it. He then appealed to the district court, where judgment was rendered in his favor.

The question presented is one of law, and was before this court in the case of *State v. Whittemore*, 12 Neb., 254, and *State v. Ream*, 16 Id., 681, and the act was sustained as being constitutional. It is claimed by the plaintiff in error that the legislature had no power to increase the compensation of the county commissioner, during his term of office; that he is entitled to the compensation fixed by law at the time of his election, and when he entered upon the duties of his office. This contention is based upon section 16, article 3, of the constitution, which provides, in substance, that the compensation of a public officer will not be increased nor diminished during his term of office. That provision, in our view, applies alone to those officers whose offices were created by the constitution. As to all such officers, the salary or compensation fixed by law when the officer is elected and enters upon the duties of his office, can neither be increased in any form, nor diminished, during his term.

The question was recently before the supreme court of

Wisconsin in *State, ex rel. Martin, v. Kalb,* 50 Wis., 178 ( 6 N. W. Rep., 556), and it was held, under a similar provision of the constitution of that state, that it applied to offices created by the constitution. This we think is a correct statement of the law.

In the absence of any constitutional prohibition, or affirmative provision, fixing the term of office of any officer or his compensation, the legislature may change such term or compensation, and such change of term or compensation will apply as well to the officers of any office as to those to be thereafter elected. (*State v. Kalb,* 50 Wis., 178; *Supervisors v. Hackett,* 21 Id., 613; *Butler v. Pennsylvania,* 10 How. [U. S.], 402; *Co. Com'rs v. Jones,* 18 Minn, 199; *Taft v. Adams,* 3 Gray [Mass.], 126; *Connor v. New York,* 5 N. Y., 285; *People v. Banvard,* 27 Cal., 470; *In re Bulger,* 45 Id., 553; Cooley on Constitutional Limitations, 276 and note; *State v. Douglass,* 26 Wis., 428; *Hall v. State,* 39 Id., 79.)

The fact that there is an increase in the compensation in this case does not affect the rule here stated. The defendant in error was entitled to compensation fixed by law, and as this was awarded to him in the court below the judgment is

AFFIRMED.

THE other judges concur.