STATE, EX REL. L. B. DAY, JUDGE OF THE SUPREME COURT OF THE STATE OF NEBRASKA, RELATOR, v. GEORGE E. HALL, TREASURER OF THE STATE OF NEBRASKA, RESPONDENT.

FILED SEPTEMBER 26, 1935. No. 29652.

*Stewart, Stewart & Whitworth,* for relator.

*William H. Wright, Attorney General,* and *Harvey M. Johnsen,* for respondent.

*Kennedy, Holland & De Lacy* and *Ralph E. Svoboda,* amici curiæ.

Heard before GOSS, C. J., ROSE and EBERLY, JJ., and FITZGERALD, MESSMORE, REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This is an original action instituted in this court praying that a peremptory writ of mandamus issue ordering

the respondent to countersign and pay a state warrant issued to relator for his salary as judge of the supreme court of the state of Nebraska.

The petition alleges that the relator was duly elected a judge of the supreme court of the state of Nebraska from the second district at the general election, November, 1934, for a term of six years commencing January 3, 1935, and ever since such time has been a duly elected, qualified and acting judge of said court; that the respondent is the treasurer of the state of Nebraska; that on July 18, 1935, the warrant was duly issued to the Omaha National Bank, as assignee of relator, but that such assignment was solely as collateral security and relator is owner of said warrant; that respondent refuses to countersign and pay said warrant for the sole reason that section 84-726, Comp. St. Supp. 1933 (Laws 1933, ch. 63) provides that the salary of judges of the supreme court shall be $5,200 per annum, or $1,300 per quarter; that said act, including its title, is as follows:

"An act relating to fees and salaries; to provide a schedule of salaries for certain state officers mentioned in the Constitution; and the heads of various departments mentioned in the laws of Nebraska, and to declare an emergency.

"Be it Enacted by the People of the State of Nebraska:

"Section 1. It is hereby provided by law that salaries as follows shall be paid to certain state officers mentioned in the Constitution: Governor $6,000 per annum; Chief Justice and Judges of the Supreme Court, each $5,200 per annum; Tax Commissioner, $4,000 per annum; Judges of the District Court, and Attorney General $4,000 per annum; Secretary of State, Auditor of Public Accounts, Commissioner of Public Lands and Buildings, Treasurer, Superintendent of Public Instruction, each $3,400 per annum; Members of the Board of Control, each $3,200 per annum; Members of the State Railway Commission, each $3,400 per annum; Director of the Department of Agriculture and Inspection, $3,800 per annum; Commissioner

of Labor, $3,000 per annum; Director of Health, $3,600 per annum; State Engineer, $4,800 per annum; Director of Banking, $4,500 per annum; Director of Insurance, $3,600 per annum.

"Section 2. Whereas, an emergency exists, this act shall be in full force and take effect from and after its passage and approval.

"Approved May 1, 1933."

The petition further alleges that on May 1, 1933, the stated, purported effective date of said section 84-726, Comp. St. Supp. 1933, the judges of the supreme court were holding their respective offices for terms expiring as follows: Chief justice, January, 1939; three judges, January, 1937, and three judges (including relator) January, 1935; that other state officers were then holding office for terms expiring at different dates. For more complete and specific statement with reference to these matters reference is hereby made to the opinion of this court rendered at this session in the case of *State v. Hall, ante,* p. 669. Plaintiff further alleges that section 84-726 is unconstitutional for the following reasons:

1. That it is in violation of section 14, art. III of the Constitution, reading as follows: "And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed"—and said act being amendatory of sections 77-301, 83-107 and 75-101, Comp. St. 1929, and section 81-103, Comp. St. Supp. 1933, which were not contained in nor repealed by said act.

2. That under the provisions of sections 2, 4, 5, 7 and 13 of art. V, and section 3 of art. XVII, of the Constitution of Nebraska, the judges of the supreme court are created a distinct class for all purposes of legislation affecting them, and that said act does not operate uniformly on the members of said class, and that such unconstitutional provisions formed the inducement to the passage of the remainder of the act and render the entire act invalid.

3. That as to members of the board of control and of

the state railway commission, the act does not operate uniformly on the members of said classes, respectively, and is void as class legislation under section 19, art. IV of the Constitution, and that such unconstitutional provisions formed the inducement to the passage of the remainder of the act and render the entire act unconstitutional and void.

4. That neither said act as a whole, nor any part thereof, became effective or operative on the date expressed in the preamble or body of the act as the effective date thereof, in violation of section 27, art. III of the Constitution of Nebraska.

5. That said act is in violation of section 19, art. III of the Constitution, providing that the compensation of no public officer shall be increased or diminished during his term of office, and that such invalid provision was the inducement for the passage of the remainder of the act and renders the entire act invalid.

Respondent answered and admits the allegations of fact in the petition, but seeks to justify his refusal to countersign and pay said warrant solely on the ground that it should be for $1,300 in accordance with the act in question. It was stipulated that the case be submitted on a motion of relator for judgment on the pleadings, and consolidated for argument with the action entitled *State, ex rel. Charles W. Taylor, v. George E. Hall.*

The only question involved is the constitutionality of section 84-726, Comp. St. Supp. 1933, and this question was thoroughly discussed and decided in the *Taylor* case at the present session, wherein it was held that the section in question was unconstitutional in its entirety. This case is ruled by the *Taylor* case, and we must content ourselves by reference thereto for the discussion of the questions presented in this case and the reasons for holding the act invalid.

It follows that relator is entitled to the writ of mandamus as prayed, and the same is allowed.

WRIT ALLOWED.

SHEPHERD, District Judge, dissents.