State of Nebraska ex rel. Walter R. Johnson, attorney
general, plaintiff, v. Frank Marsh et al., defendants.

29 N. W. 2d 799

Filed December 2, 1947.    No. 32364.

(1)

*Walter R. Johnson,* Attorney General, and *Clarence S. Beck,* for plaintiff.

*Clarence A. Davis,* for defendant Judges, and *Guy C. Chambers,* for defendant Governor.

Heard before TEWELL, LIGHTNER, LANDIS, KROGER, FALLOON, POLK, and ENGLISH, District Judges.

TEWELL, District Judge.

This action was begun in this court. State of Nebraska ex rel. Attorney General, is the only plaintiff, and the Secretary of State, the Auditor of Public Accounts, the State Treasurer, the Governor, and each of the seven members of the Supreme Court are the only defendants. The plaintiff asks for a declaratory judgment that will determine the duties of the first three defendants above named, and the rights and duties, if any, of the other eight defendants under chapter 345 of Session Laws of Nebraska, 1947. This act purports to raise the annual salary of the Governor and of each member of the Supreme Court, and to cause the change in. salary to become operative immediately upon the act becoming effective. Due to the allegations and admissions in the pleadings, together with facts of which we may take judicial notice, there is no conflict upon any question of fact. The question presented is purely one of law. Since each of the seven members of the Supreme Court has a pecuniary interest in the result of this action, seven district judges were called, under a provision of the state Constitution, to constitute the court.

To make clear the issue presented, we deem it advisable to quote from certain sections of the state Constitution, as well as the first two sections of the act above mentioned. Such sections of the Constitution are as follows:

Article III, section 19. "The Legislature shall never grant any extra compensation to any public officer,

agent or servant after the services have been rendered nor to any contractor after the contract has been entered into, nor shall the compensation of any public officer, including any officer whose compensation is fixed by the Legislature subsequent to the adoption hereof be increased or diminished during his term of office."

Article V, section 13. "The chief justice, the judges of the Supreme Court and the judges of the district court shall receive such salaries as may be provided by law."

Article XVII, section 3. "Until otherwise provided by law the following salaries shall be paid: Chief Justice, Judges of the Supreme Court and Governor, each $7,500 per annum * * *."

The first two sections of the act above mentioned read as follows: Section 1. "The Legislature hereby exercises the right conferred upon it by Section 3, Article XVII, of the Constitution of Nebraska, to provide for the salaries to be paid to certain constitutional officers. Such salaries from and after the effective date of this act shall be as follows: Chief Justice and Judges of the Supreme Court each eight thousand five hundred dollars per annum and Governor ten Thousand dollars per annum. Such salaries shall be payable in equal monthly installments."

Section 2. "Section 1 of this act shall be so interpreted as to effectuate its general purpose to provide, in the public interest, adequate compensation as therein provided for the several public officers therein named, and to give effect thereto as soon as such section may become operative under the Constitution of the State of Nebraska."

The Legislature in its regular session in the year 1933 purported to pass its Senate File No. 52. The purported act that resulted from such passage appears as chapter 63, Session Laws 1933. By this bill the Legislature attempted to decrease the salaries of the Governor, members of the Supreme Court, district judges,

the Attorney General, Secretary of State, and many other state officers, and to make the decrease operative immediately upon the passage of the bill. At the time of the passage of this bill, some of the officers whose salary it sought to decrease were drawing a salary fixed by section 3, article XVII, of the Constitution, hereinbefore partly quoted, and some were drawing a salary theretofore fixed by statute subsequent to the adoption of said constitutional provisions. This purported act was declared null and void for the reason that its passage was prohibited by certain inhibitions of the Constitution. State ex rel. Randall v. Hall, 125 Neb. 236, 249 N. W. 756; State ex rel. Taylor v. Hall, 129 Neb. 669, 262 N. W. 835; State ex rel. Day v. Hall, 129 Neb. 699, 262 N. W. 850. These cases will hereinafter be briefly mentioned. Aside from the attempted passage of said Senate File No. 52 the Legislature has never attempted to fix the salary of the Governor or members of the Supreme Court until its enactment of said chapter 345, in the year 1947. Due, perhaps, to some unnecessary language used in the opinions in the three cases last above cited, uncertainty as to the duties and rights of the various defendants herein has been brought about. From such uncertainty the controversy involved in this action has arisen. From what date shall the Governor and members of the Supreme Court begin to receive the increase in salary provided by the above-mentioned chapter 345? That is the sole question presented for our determination.

It is not necessary to devote much space herein to a discussion of rules relating to the interpretation of the provisions of a constitution. The portions of such rules as are here involved are too well-settled to justify such action. In the interpretation of a constitution, its terms must be taken in their ordinary and common acceptation in such manner as to express the intent of its framers and of the people who adopted it. 12 C. J., § 43, p. 700; Hamilton Nat. Bank v. Amer-

ican Loan and Trust Co., 66 Neb. 67, 92 N. W. 189; Elmen v. State Board of Equalization and Assessment, 120 Neb. 141, 231 N. W. 772; Mekota v. State Board of Equalization and Assessment, 146 Neb. 370, 19 N. W. 2d 633.

As a necessary and logical corollary to the general rule of construction above set forth, it follows that in the interpretation of a constitution, a specific clause will be made effective as against a general clause in such manner as to give meaning to both, and the language of the specific clause will not be restricted by general language, unless thereby the plain intent of the framers of such clauses and of the people who adopted them is thwarted. 12 C. J., § 57, p. 709; Elmen v. State Board of Equalization and Assessment, *supra.*

Applying the above rules of construction to the clauses of our state Constitution, that are above quoted, it seems clear that section 3, article XVII, is a specific clause restricting, to the extent therein expressed, the scope of section 19, article III. If otherwise, what logical meaning can be given to the words "Until otherwise provided by law" in said section 3, article XVII? By section 13, article V, above quoted, the power to fix the salaries of members of the Supreme Court is granted to the Legislature. If the words "Until otherwise provided by law" are not construed to restrict the scope of section 19, article III, in such manner as to allow the Legislature, at its first session after the adoption of such constitutional provisions, or at any other time, in the first instance, and for its first time, to fix the salary of the Governor and of the Supreme Court, then it must necessarily follow that the Legislature could not change the salary of such officers during the term of office that was existing when such provisions of the Constitution were adopted. Such a construction would place a restriction upon the power granted by section 13, article V, *supra,* when no such restriction is even implied therein, and none made

necessary to give full force and effect to the intent of the other constitutional provisions above quoted. The main intent and purpose of the restrictions contained within section 19, article III, *supra,* are of course, to aid in maintaining a separation of the executive, legislative, and judicial branches of our government. Such a provision is one of the oldest of the "checks and balances" provided in the federal Constitution and in the Constitutions of most, if not all, of the states. If the Legislature can control the salary of the Governor and members of the judiciary, at will and at any time, then it has a great power toward controlling their will. To place the construction upon the constitutional provisions above quoted for which the plaintiff contends, would not aid in preserving the benefits that section 19, article III, was intended to bestow, and would violate section 13, article V, *supra.*

We are aided in construing the above-quoted provisions of the Constitution by matters extrinsic the instrument itself. It has been held that this court may take judicial notice of the proceedings of the Constitutional Convention at which the sections of the Constitution above quoted were framed. Elmen v. State Board of Equalization and Assessment, *supra.* The reports of committees, debates and colloquys between the members, all relative to the phraseology of the provisions of the Constitution above quoted are too voluminous to quote to any great extent here. None of these do other than to show an intent to allow the Legislature to fix the salary of the officers named in section 3, article XVII, *supra,* in the first instance at any time it saw fit after the provisions above quoted were adopted. We refer the reader to the proceedings of the Constitutional Convention, 1919-1920. We quote a statement of Mr. Louis J. TePoel, who for many years was Dean of the Law College of Creighton University, and who as a member of the Constitutional Convention spoke upon a motion that dealt with the coordination

of the constitutional provisions above quoted as follows: "I have but a word or two to say on this question and that is to remove a possible false impression or mistake that might be gathered from the remarks of the gentleman who just spoke, who said that we are going before the people with a proposition that would fix the salary for a long time. If you will observe Section 13, a section of only five lines, and the first five words of that section are these 'until otherwise provided by law.' That proposal left this open for the legislature to fix the salary at what the legislature thinks it should be at any time that it may see fit to change." Proceedings of the Constitutional Convention, 1919-1920, p. 1598. The ballot that was submitted to the people in the election in which all of the above-quoted provisions of the Constitution were adopted contained the following with reference to section 3, article XVII: "Fixes salaries of State officers including Judges of the Supreme and District Courts, effective until changed by the legislature." Proceedings of the Constitutional Convention, 1919-1920, p. 2835.

Problems quite similar to the one before us have been before courts of states other than Nebraska. We do not consume the space in this opinion that would be required to discuss the cases in which these problems have been handled by other courts. We merely cite some of these cases as follows: Stone, Auditor of Public Accounts v. Pryor et al., 103 Ky. 645, 45 S. W. 1053; State ex rel. Wells v. Tingey, State Auditor, 24 Utah 225, 67 P. 33; Boyce, State Auditor v. Hunt, 20 Ariz. 412, 181 P. 184; Henry, County Treasurer v. State ex rel. Hartsfield, 218 Ala. 71, 117 So. 626; State ex rel. Dwyer v. Nolte, Comptroller, 351 Mo. 271, 172 S. W. 2d 854; Almon v. Morgan County, 245 Ala. 241, 16 So. 2d 511. The holdings in these cases support the conclusion herein reached. We have not found any case holding otherwise.

Another contention of the plaintiff is to the effect that the provisions of section 1 of chapter 345, Laws

1947, above quoted is inconsistent with section 2 thereof, in that section 1 states "from and after the effective date of this Act" while section 2 states "as soon as such section may become operative." This act did not contain an emergency clause. Under the Constitution it became effective three months after the Legislature adjourned. Such adjournment was on June 6, 1947. The act, therefore, became effective on September 7, 1947. We cannot see any inconsistency in these two provisions. It is no doubt true that "effective" and "operative" may have different meanings, but even so, section 2 does not limit or restrict section 1. Section 2 can logically be interpreted as being a legislative declaration of its interpretation of the provisions of the Constitution above quoted, or it can logically be interpreted as a savings clause to the effect that if it be held that the increased salaries could not be paid during then existing terms of office, that then section 1 would not be declared void but should become operative upon the beginning of the first future term of office. If a statute is ambiguous or susceptible of more than one meaning, it is to be given that meaning that will best effect its purpose, and which will, if reasonable, render it valid. 59 C. J., § 571, p. 963. Either of the meanings of section 2 above suggested does not modify the plain intent of section 1. In this connection it is of interest to note that sections 3 and 4 of said chapter 345 make provision for an increase in salary for district judges, but expressly provide that the increase shall not become effective until after the expiration of the present terms of such judges. The Legislature in the year 1945 had once before fixed the salary of district judges. Laws 1945, c. 58, § 1, p. 251.

While the subjects treated in the three cases of State ex rel. Randall v. Hall, State ex rel. Taylor v. Hall, and State ex rel. Day v. Hall, *supra,* are not within the scope of our inquiry, we deem it advisable to make some remarks with reference thereto. We have no quarrel

with the final result reached in any of these cases. In the opinion in the Taylor case, and also in the Day case, the members of the Supreme Court are designated as a class. Contention was made to the effect that if chapter 63, Laws 1933, could not become effective at once, it should otherwise be declared valid and allowed to affect the salaries of Supreme Court judges elected for future terms. To answer this contention it was held that such a holding would violate the constitutional provision prohibiting class legislation. We do not desire to have this opinion ever regarded as approving any such reasoning. Said chapter 63 was plainly void for other reasons given in those opinions, even as to the salaries of members of the Supreme Court, and the holding relative to class legislation was wholly unnecessary to support the final result. Such reasoning was unfortunate, because of the future uncertainty thereby given birth. It would render future changes in the salary of many state officers impossible for all useful or practicable purposes. It is not within the scope of the issue presented in this case to disapprove such reason for declaring said chapter 63 void, but in approving the final result in the three cases last above mentioned we expressly do not approve such reasoning as to class legislation. In the briefs submitted in the three cases last above mentioned the proceedings of the Constitutional Convention, 1919-1920, were not mentioned.

For reasons above given it is declared that the increase in salary of the Governor and of the members of the Supreme Court became both effective and operative as of September 7, 1947; that it is the duty of those defendants herein upon whom the statutes place the burden of paying the salary of the Governor and members of the Supreme Court to pay such increased salary from and after September 7, 1947; and that it is both the duty and the right of the Governor and members of the Supreme Court to receive such increased salary. The costs of this action are taxed to the plaintiff.

JUDGMENT FOR DEFENDANTS.