REQUESTED BY: Senator Tom Baker Nebraska State Legislature
In your opinion request letter, you state that it is your intention to "introduce legislation pertaining to the Nebraska Board of Educational Lands and Funds" during the upcoming legislative session. The purpose of that legislation will be "to establish new district boundaries [for election of members of the Board of Educational Lands and Funds] based upon the number of school land acres per county across the state." You also note that there are "currently five appointed members on the Board of Educational Lands and Funds." In that context, you ask: "[w]ould it be constitutional to appoint new board members once the new districts are determined thus eliminating current terms or would existing members be required to fill out their current terms?"
Article VII, § 6 of the Nebraska Constitution pertains to the Board of Educational Lands and Funds (the "Board"), and states:
 No lands now owned or hereafter acquired by the state for educational purposes shall be sold except at public auction under such conditions as the Legislature shall provide. The general management of all lands set apart for educational purposes shall be vested, under direction of the Legislature, in a board of five members to be known as the Board of Educational Lands and Funds. The members shall be appointed by the Governor, subject to approval of the Legislature, with such qualifications and for such terms and compensation as the Legislature may provide.
The statutes dealing with the Board and school lands are found generally at Neb. Rev. Stat. §§ 72-201 through 72-269 (1996, Cum. Supp. 2000). Section 72-201 creates the qualifications for Board members and sets their term of office at five years. Section72-201 also currently provides that four members of the Board shall be appointed from Nebraska's congressional districts as they existed on January 1, 1961, and that a fifth member of the Board shall be appointed from the state at large.
You have not provided us with any specific proposed legislation in connection with your opinion request. However, we assume, from the question which you posed to us, that your legislative bill would end the terms of office of current Board members as of a particular date. The bill would then create new terms of office, commencing at a particular date, for Board members appointed out of the new districts which you have described. For the reasons discussed below, we do not believe that such a proposal would violate the Nebraska Constitution.
The general rule with respect to change of the term for a public office is set out in 67 C.J.S. Officers § 70 (1978), which states:
 The sovereign power creating an office may change its tenure in the absence of constitutional restriction, and such power may be exercised subject to constitutional limitations. Accordingly, the legislature may change the term of an office during the term of an incumbent, even though the effect of the change is to curtail the unexpired term of an incumbent, and even though the power to appoint is given by the constitution to a local authority. However, this power is not available where the constitution fixes the duration of the term.
(Emphasis added).
Nebraska cases appear to follow the general rule stated above. Hamilton v. Foster, 155 Neb. 89, 50 N.W.2d 542 (1951); State ex rel. Comstock v. Stewart, 52 Neb. 243, 71 N.W. 998 (1897); Douglas County v. Timme, 32 Neb. 272, 49 N.W. 266 (1891). In the Stewart case, which dealt with city council members in Lincoln, the court stated:
. . . "in the absence of any constitutional prohibition or affirmative provision fixing the term of office of any officer or his compensation, the legislature may change such term or compensation, and such change of term or compensation will apply as well to the officers then in office as to those to be thereafter elected." The same principle applies to the offices of councilmen. The official tenure of such officers is not fixed by the constitution, and hence may be shortened or terminated at the will of the legislature.
Stewart, 52 Neb at 255, 71 N.W. at 1002, 1003 (quoting Douglas County v. Timme, 32 Neb. at 275, 49 N.W. 267).
In the present instance, art. VII, § 6 of the Nebraska Constitution creates a Board of Educational Lands and Funds consisting of five members, and vests management of all lands set apart for educational purposes in that Board, under direction of the Legislature. We do not believe that those aspects of the Board can be altered by the Legislature through a statutory change. On the other hand, art. VII. § 6 also specifically allows the Legislature to provide for the terms of office and compensation of Board members. As a result, it appears to us that, under the authorities cited above, the Legislature could constitutionally end the terms of office for current Board members at a particular date, while providing that new Board members out of new districts will commence new terms of office at a particular date.
 Sincerely yours, DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_______________________________
Attorney General
cc. Patrick J. O'Donnell Clerk of the Legislature
05-14-21