REQUESTED BY: Senator Dennis Utter
Nebraska State Legislature
 Introduction
In a letter to this office dated November 20, 2009, you indicate that, at the next session of the Nebraska Legislature, you are planning to propose a constitutional amendment to eliminate the office of Nebraska State Treasurer. In that context you ask for our opinion on the question: "[C]ould the proposed Constitutional Amendment be worded to eliminate the office of State Treasurer in the middle of a term of office, or must elimination of the office of Treasurer coincide with the end of a validly elected Treasurer's term of office?"
In asking your question you clearly recognize that the State Treasurer is an officer created by the Nebraska Constitution, Neb, Const, art, IV, § 1, and that, therefore, such office may be eliminated only by means of a constitutional amendment. You also recognize that under that same section of the constitution the State Treasurer (along with the Governor, Lieutenant Governor, Secretary of *Page 2 
State, State Auditor and Attorney General) is elected "for a term of four years." So the question is whether or not the office of State Treasurer can be eliminated by a constitutional amendment effective on some date that is before the incumbent State Treasurer at that time has served his or her full four year term in office.
 Discussion
The following "black letter law" appears in 67 C.J.S.Officers § 93 (2002): "A term of office may be changed by constitutional amendment, or, in a proper case, by legislative enactment." That same section of C.J.S. contains the statement that a "change of term of an office may be made in the state constitution." It goes on to say: "The sovereign power creating an office may change its tenure in the absence of constitutional restriction, and such power may be exercised subject to constitutional limitations." (Footnotes omitted.)
In the case of the State Treasurer the "sovereign power" that created the office is the people of the State of Nebraska who, by means of exercising their right to vote, approved the constitutional provisions naming the State Treasurer as a constitutional executive officer and setting his or her term of office. Based upon the general rules set forth above, it appears that this same "sovereign power" may, by constitutional amendment, delete the State Treasurer as a constitutional officer and/or change the term of office for such officer. State ex rel. Lull v. Frizzell,31 Minn. 460, 467, 18 N.W. 316, 319-20 (1884), confirms this conclusion.
 It is elementary that there is no contract, express or implied, between a public officer and the government, whose agent he is, for the continuance of his office or the permanency of his salary for the full term for which he was elected. Public officers have no proprietary interest in their offices, or any right of property in the prospective compensation attached thereto. Public offices, in theory, at least, are held and exercised for the benefit of the public and not of the incumbent. Therefore, it is in all cases competent for the people, in their sovereign capacity, to abolish an office or shorten a term, or reduce or take away entirely the salary attached to it, without regard to the interests or expectations of the incumbent as to the prospective compensation, Cooley, Const. Lim. *276; County of Hennepin v. Jones, 18 Minn. 182, (199;) Connor v. City of New York, 2 Sandf. 355.
The Minnesota court in Frizzell upheld a series of constitutional amendments which shortened the terms of some constitutional officers and lengthened the terms of others. *Page 3 
Accordingly, it seems clear that the people, by means of a constitutional amendment, can eliminate a constitutional office at any point and that, in such circumstance, the office holder has no right to remain in office to serve out his or her entire term.
We believe that legal authority dealing with changes in terms of office for officers created by legislative enactments provides additional guidance in dealing with the issue of whether a constitutional amendment eliminating a constitutional office may take effect before the incumbent officer has served a full term of office. In this connection the section of C.J.S. cited above concludes that, since the sovereign authority that created an office may change its tenure, "the legislature may change the term of an office during the term of an incumbent, even though the effect of the change is to curtail the unexpired term of an incumbent. . . ." C.J.S. goes on to explain that the legislature cannot do this when the constitution fixes the duration of the term. This means that, while the legislature clearly cannot override the provisions of the constitution and, on its own, change the terms of constitutionally created state officers, it may change the terms of state officers it has created by law, even if such change results in an incumbent officer being out of office before the previously existing term of office has expired.
Nebraska cases appear to follow this general rule that the legislature may change the terms of state officers created by statute, even if it means that an incumbent officer's term of office will be shortened. Hamilton v. Foster,155 Neb. 89, 93, 50 N.W.2d 542, 544-45 (1951); State ex rel.Comstock v. Stewart,52 Neb. 243, 255, 71 N.W. 998, 1002-03 (1897). See, Op. Att'y Gen. No. 01040 (Dec. 17, 2001). In Stewart, a case which dealt with city council members in Lincoln, whose offices and terms of office had been created by legislation — not the constitution, the court stated:
 "In the absence of any constitutional prohibition or affirmative provision fixing the term of office of any officer, or his compensation, the legislature may change such term or compensation, and such change of term or compensation will apply as well to the officers then in office as to those to be thereafter elected." The same principle applies to the offices of councilmen. The official tenure of such officers is not fixed by the constitution, and hence may be shortened or terminated at the will of the legislature.
Stewart, 52 Neb. at 255, 71 N.W. at 1002-03 (quotingDouglas County v. Timme,32 Neb. 272, 275, 49 N.W. 266, 267 (1891)). *Page 4 
In Stewart, of course, it was the Nebraska Legislature that was permitted to change the terms of office for officers it had created, even if that meant incumbents' terms were shortened. There is no reason, however, why the same result would not apply where the people, by means of adopting a constitutional amendment in the prescribed manner, change the term of office of an officer created by the constitution.
The Iowa Supreme Court has made the following observations in connection with upholding the elimination of an office created by the legislature before the terms of the incumbent officer holders expired:
 In 67 C.J.S., Officers, section 54(1), it is said:
 "It has been laid down broadly that a public officer, regardless of the form of the statute under which he takes office, enjoys a privilege revocable by the sovereignty at will and that the incumbent of a public office possesses only such right to it as the laws of tenure give to him. A constitutional officer has the right, however, to perform the duties of his office until he is legally removed from office or is legally disqualified to act."
 In Eckerson v. City of Des Moines, 137 Iowa 452, 481, 482, 115 N.W. 177, we said:
 "Public offices are created in the interests of the general public, and not for the benefit of any individual. And no one in possession of an office has a constitutional right to remain therein for the full period of the term for which he was elected. * * * And as no contract right exists in favor of the incumbent of an office, it does not remain for him to quarrel with the method of procedure adopted. In the case of a statutory office, the Legislature may even abolish the office, and with the taking effect of the law providing therefor the right of the incumbent to further act ceases eo instanti, notwithstanding the term for which he was elected has not expired."
Sueppel v. City Council of Iowa City,257 Iowa 1350, 1357, 136 N.W.2d 523, 527 (1965).
Thus, it appears that under the law whether one is holding an office created by statute or an office created by the constitution, there is no constitutional or contractual right to continue in office for the full term if the term is shortened or ended by the body that created the office — the legislature for statutorily created offices, the people of the state through the voters for constitutionally created offices. *Page 5 
 Conclusion
For the reasons discussed above, it is our opinion that the answer to your question is in the affirmative — i.e., your proposed constitutional amendment could be worded in such a way as to eliminate the office of State Treasurer at any point in time after adoption of the amendment by the people. Elimination of the office of State Treasurer by constitutional amendment would not have to coincide with the end of a Treasurer's term of office.
If you wish to have the elimination of the office of State Treasurer take place at some time other than the end of a term, we additionally note that your proposed constitutional amendment should be worded in such a way as to make clear not only that the office of State Treasurer is being eliminated, but also that the four year term of office provision of Neb. Const. art. IV, § 1 would not apply to the incumbent Treasurer in the event the office is eliminated effective on some date other than the end of that four year period.
Finally, if your intent is to abolish the office of State Treasurer entirely, rather than simply eliminating it as a constitutional office, you might want to draft your proposed amendment bearing in mind Swanson v. State ofNebraska, 132 Neb. 82, 271 N.W. 264 (1937), in which it was held that a constitutional amendment that simply deleted the office of commissioner of public lands from the list of constitutional officers in Neb. Const. art. IV, § 1 did not completely abolish the office since the constitutional amendment did not expressly abolish the office in its entirety and since the office was still referred to in numerous statutes and given many duties to perform by statute. Rather, the supreme court found that the commissioner of public lands continued to exist as a statutorily created office to carry out the duties assigned to it.
Sincerely yours,
 JON BRUNING Attorney General
 Charles E. Lowe Assistant Attorney General *Page 6 
 Approved by: ___________________________ Attorney General *Page 1