THE STATE, EX REL. GEORGE L. BROWN V. JEFFERSON B. WESTON, AUDITOR.

1. **Constitutional Law :** APPROPRIATIONS. The rule observed as to appropriations in the case of *The State, ex rel. Roberts v. Weston*, 4 Neb., 216, applies only to those officers whose salaries are fixed by the constitution itself, and not to those whose compensation is left to the discretion of the legislature. As to the latter, specific appropriations by the legislature are necessary to authorize their payment from the state treasury.

2. ———: LEGISLATIVE APPROPRIATION. Section six of the act of February 24th, 1875, providing for a state board of immigration, is not a sufficient appropriation of money by the legislature to authorize the auditor to draw his warrant on the state treasury for the payment of the incidental expenses incurred by the secretary of the board.

LAKE, CH. J.

This is an application for a peremptory writ of mandamus to the defendant, as state auditor, to compel that officer to draw his warrants upon the state treasury in payment of the sum of one thousand dollars, alleged to be due to the relator for incidental expenses incurred by him while holding the office of secretary of immigration, under an act of the legislature, approved February 24, 1875.

That the account rendered by the relator is just and should in justice be paid by the state, is not questioned, and the only defense interposed is that there is no law authorizing the respondent to audit and pay the claim.

This application is made upon the supposition that the case falls within the rule laid down in *The State, ex rel. Roberts v. Weston*, 4 Neb., 216, in which we held that no legislative appropriation was necessary to authorize the payment of the salary of a state officer whose office was created, and salary fixed by the constitution of 1875:

State, ex rel. Brown v. Weston.

, The decision in that case was based upon the constitution itself—Section twenty-five of the schedule—which provides that "The auditor shall draw the warrants of the state quarterly for the payment of the salaries of all officers under this constitution, whose compensation is not otherwise provided for, which shall be paid out of any funds not otherwise appropriated." But this rule can be carried no further than we went in that case. It reaches only those officers who hold by virtue of the constitution itself, and not to those who hold their offices at the will of the legislature. As to the latter all compensation must depend upon the caprice of the legislature, and can be legally paid only in pursuance of a specific legislative appropriation. This is a constitutional requirement, enforced by a clause in section twenty-two, Art. III, of our present constitution, which declares that "No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law."

It will be observed that this provision does not require the appropriation to be made by act of the legislature, but merely that it be "made by law," so that it may be done either by direction of the constitution itself, that being the supreme law in the state, or by the legislature through the forms prescribed for drawing money from the public treasury. There is, therefore, no real conflict between these two provisions of the constitution which we have quoted, although at first blush there might perhaps seem to be.

The constitution, however, makes no direct provision for the payment of salaries fixed by act of the legislature, which must depend entirely upon the will of that body, to be expressed by an act duly passed. And in the absence of such an act no payment can be legally made.

It was claimed on the argument that section six of the act of February 24, before referred to, was a sufficient appropriation to authorize payment to be made. But we do not so consider it. No particular portion of the public revenues is set apart upon which the auditor is authorized to draw in payment of these expenses. This section does nothing more than fix the amount of compensation to which the secretary of the board may be entitled, and when it is to be paid. As to the manner of payment, and out of what particular fund, it is silent.

For these reasons the prayer of the relator must be denied, and the application dismissed at his costs.

WRIT DENIED.

*N. S. Scott,* for the relator.