STATE OF NEBRASKA EX REL. LOREN H. LAUGHLIN, RELATOR, v. RAY C. JOHNSON, AS AUDITOR OF PUBLIC ACCOUNTS OF THE STATE OF NEBRASKA, RESPONDENT.

57 N. W. 2d 531

Filed March 13, 1953. No. 33277.

*Loren H. Laughlin,* pro se, and *Perry & Perry,* for relator.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for respondent.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an original action in mandamus by Loren H. Laughlin, Director of Insurance, the relator, to compel Ray C. Johnson, Auditor of Public Accounts, the respondent, to approve relator's salary vouchers for May 1952, and the months subsequent thereto, at the rate of $6,500 per annum as authorized by the Governor under the provisions of section 81-103, R. S. Supp., 1951. The question presented is whether or not the increase in salary as fixed by the Governor contravenes constitutional prohibitions relative to the increasing of salaries of public officers.

The relator was appointed Director of Insurance for the Department of Insurance on December 31, 1951, by the Governor. The Governor fixed the annual salary of the office at $6,500 as authorized by section 81-103, R. S. Supp., 1951. This statute provides in part: "The Governor shall have authority to establish the salaries of all persons connected with the various departments, including the heads thereof. In no case shall the annual salaries of the following heads of departments exceed the amounts set forth herein, each payable in monthly installments: * * * (5) the Director of Insurance, sixty-five hundred dollars."

It is the contention of the Attorney General that relator is not entitled to be paid at the annual rate of $6,500 because of Article IV, section 25, of the Constitution of Nebraska, which provides in part: "The officers provided for in this article shall receive such salaries as may be provided by law, but the salary of no officer shall be changed more than once in eight years." The Director of Insurance is an executive officer within the purview of this provision of the Constitution and is therefore bound by its terms. Clark v. Lincoln Liberty Life Ins. Co., 139 Neb. 65, 296 N. W. 449; State ex rel. Howard v. Marsh, 146 Neb. 750, 21 N. W. 2d 503. The question for determination is whether or not the salary of the Director of Insurance has been changed within 8 years from the effective date of the claimed increase. This requires an historical examination of the salary changes made which affect this office.

This statute, section 81-103, R. S. Supp., 1951, was first enacted in substantially its present form in 1933. Laws 1933, c. 149, § 3, p. 571. The maximum salary of the Director of Insurance was therein fixed at $3,200. Salary changes were enacted into the statute without otherwise materially changing its language in 1937, 1941, 1943, 1945, 1947, and 1951. The salary of the office of Director of Insurance was changed only in the years 1941, 1945, and 1951, although the 1945 change was carried into the 1947 amendment. In 1941 the maximum salary of the Director of Insurance was fixed at $4,500. In 1945 it was increased to $5,000, and in 1951 it was increased to $6,500 as hereinbefore stated. It is clear that the increase to $4,500 in 1941 was not within the constitutional prohibition cited. The 1945 amendment to the statute became effective on August 10, 1945, approximately 4 years and 3 months after the enactment of the 1941 amendment. The 1951 amendment became effective on April 27, 1951. It is the contention of the relator that the amendment of 1945, so far as it purports to apply to the Director of Insurance, is violative

of Article IV, section 25, of the Constitution, prohibiting the changing of the salaries more than once in 8 years. Assuming the validity of this argument he contends that the 1951 amendment was validly enacted more than 8 years after the amendment of 1941 became effective and, consequently, the increase in salary to $6,500 as fixed by the Governor is the only valid increase since 1941.

It is the position of the Attorney General that the amendment of 1945 as it pertains to the office of the Director of Insurance is not unconstitutional for the reason that the salary of that office is fixed by the Governor and not the Legislature. For that reason, he argues, the constitutional prohibition against a change in the salary of the Director of Insurance more than once in 8 years has no application to the legislative enactment, but only as to the Governor in authorizing an increase. It will be noted that Article IV, section 25, of the Constitution provides that executive officers shall receive such salaries as may be provided by law, but that it shall not be changed more than once in 8 years. The Legislature being the lawmaking body, a provision that the salaries shall be fixed by law enjoins that duty upon the Legislature and, necessarily, the restriction that the salaries of executive officers shall not be changed more than once in 8 years is a restriction upon legislative action. It appearing that as the 1941 amendment made a valid increase in the salary of the Director of Insurance, no change therein could be made by the Legislature for a period of 8 years. Consequently, the attempted change in the salary of the Director of Insurance by the Legislature in 1945 and its reenactment in 1947 was prohibited by Article IV, section 25, of the Constitution; and Chapter 223, Laws 1945, and Chapter 309, Laws 1947, are wholly void as to the Director of Insurance. If this is not so, a holding would be required that the salaries of executive officers were fixed by the Governor and not by the Legislature. Such a holding would contravene Article IV, section 25, of the

Constitution, which charges the Legislature with the duty of fixing the salaries of officers falling within Article IV of the Constitution. We think that section 81-103, R. S. Supp., 1951, constitutes a fixing of salaries of executive officers by the Legislature within the meaning of Article IV, section 25, of the Constitution. The fact that the Legislature, after fixing the maximum salaries that could be paid to the officers named therein, empowered the Governor to determine such salaries within the prescribed limits does not alter the fact that such salaries were actually fixed by. the Legislature within the purview of this provision of the Constitution. The requirements of the constitutional provision have been met when maximum salaries have been fixed and the determination of the amount to be paid has been delegated to the Governor. We conclude, therefore, that the Legislature could change the salary of the Director of Insurance at any time after 8 years elapsed following the enactment of the 1941 amendment. In other words, the Legislature was authorized to change the salary of the Director of Insurance in 1949 or any time subsequent thereto. It did so in 1951 in compliance with Article IV, section 25, of the Constitution.

The Attorney General contends, however, that relator was filling a part of a term commencing on the first Thursday after the first Monday in 1951 and ending on the first Thursday after the first Monday in 1953, and that an increase in salary during such term was prohibited by Article III, section 19, of the Constitution. This section provides in part: "The Legislature shall never grant any extra compensation to any public officer, * * * nor shall the compensation of any public officer, including any officer whose compensation is fixed by the Legislature subsequent to the adoption hereof be increased or diminished during his term of office."

We think that applicable statutes conclusively establish that the office of Director of Insurance is an office

with a fixed and definite term. Section 81-109, R. R. S. 1943, provides: "Each head of a department shall serve from his appointment and qualification until the first Thursday after the first Monday next succeeding the next election of the Governor, and until his successor is appointed and qualified, unless sooner removed by the Governor." The foregoing statute as originally passed provided: "Each secretary whose office is created by this act shall hold office for a term of two years from the first Thursday after the first Monday in January next after the election of the governor and until his successor is appointed and qualified unless sooner removed by the governor." Laws 1919, c. 190, t. I, a. I, § 8, p. 438. It is clear from the language used that the intent of the Legislature was to establish a definite and fixed term. The controlling rule is that since the term of an office is distinct from the tenure of an officer, the term of office is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed. A holding over does not change the length of the term, but merely shortens the tenure of his successor. 67 C. J. S., Officers, § 48, p. 206. See, State v. Moores, 61 Neb. 9, 84 N. W. 399; State v. Galusha, 74 Neb. 188, 104 N. W. 197. Consequently, it is immaterial to the issue that relator's predecessor in office held over until December 31, 1951. It affected the tenure of the relator but not the term of the office that he was filling.

The record shows that the Legislature, during its 1951 session, increased the maximum salary of the Director of Insurance and authorized the Governor to determine the amount to be paid. It contained an emergency clause and became effective at the time the Governor approved it on April 27, 1951. This increase was therefore authorized after the commencement of the term of the Director of Insurance, it having commenced on the first Thursday after the first Monday in 1951, to wit: January 4, 1951. The fact that relator was not

appointed until December 31, 1951, does not affect the term of office of the Director of Insurance insofar as the application of Article III, section 19, of the Constitution is concerned.

It is the position of the relator that as the Director of Insurance may be removed from office by the Governor, as provided in section 81-109, R. R. S. 1943, that as the office might be discontinued by the Governor, as provided in section 81-107, R. S. Supp., 1951, and that as the Director of Insurance serves until the first Thursday after the first Monday in January following the election of the Governor, and until his successor is appointed and qualified, as required by section 81-109, R. R. S. 1943, it makes the appointment one for an indefinite period of time and does not constitute it a term of office as that expression is used in Article III, section 19, of the Constitution. We do not think the contingencies set forth in the foregoing statutes can have the effect that the relator claims for them. It is true that each may have some effect upon his tenure, but they do not change the fact that the appointment is for a fixed and definite period of time. The term of an office and the tenure of an officer are distinct matters which must be disassociated in dealing with Article III, section 19, of the Constitution. The term of office to which relator was appointed commenced on the first Thursday after the first Monday in January 1951, which was January 4 of that year, and ended on the first Thursday after the first Monday in January 1953, which was January 8 of that year. While it is true that for some purposes a holding over the term is considered a part of the term to which the holdover was appointed, it is, nevertheless, an encroachment upon the term of his successor. His successor, at whatever time in the term he may be appointed to the office, takes it under the same conditions as if he had been appointed at the commencement of the term insofar as Article III, section 19, of the Constitution is concerned. If the possi-

bility of removal, discontinuance of the office, or of holding over until a successor is appointed and qualified, has the effect of making the period for which appointed indefinite and unfixed, and therefore not a term, there could be no such thing as a fixed and definite term of office. The contingencies mentioned in the cited statutes, and the legislative provisions providing procedures to be followed in the event of their happening, does not have the effect of making the term of office of the Director of Insurance any the less fixed and definite.

It necessarily follows that the Legislature was authorized to change the salary of the Director of Insurance from the amount fixed in 1941 at any time after 1949. Since no valid change was authorized until 1951, it could not become effective as to the relator until the commencement of the next term of office of the Director of Insurance, which would be on January 8, 1953, because of the constitutional provision against increasing or diminishing the compensation of a public officer during his term.

The prayer of relator's petition for a peremptory writ of mandamus compelling respondent to approve his claim for compensation at the rate of $6,500 per annum is therefore denied.

WRIT OF MANDAMUS DENIED.