PAUL J. GARROTTO ET AL., PLAINTIFFS, V. ROBERT D. McMANUS, DIRECTOR OF ADMINISTRATIVE SERVICES OF THE STATE OF NEBRASKA, ET AL., DEFENDANTS.
177 N. W. 2d 570

Filed June 5, 1970. No. 37575.

Herman Ginsburg, for plaintiffs.

Clarence A. H. Meyer, Attorney General, and Gerald S. Vitamvas, for defendants.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an original action brought by the plaintiffs, on

their own behalf and on behalf of all other district judges, for a declaratory judgment to determine the amount of salary payable by the State of Nebraska to the judges of the district court of this state on and after January 16, 1970. The basis of the original jurisdiction rests in Article V, section 2, Constitution of the State of Nebraska.

The litigation here arises out of three legislative bills enacted by the 1969 session of the Nebraska Legislature.

L.B. 150, section 2, provided in part: "As soon as the same may be legally paid under the Constitution of Nebraska, each judge of the district court * * * shall be paid a salary of twenty-two thousand dollars per annum; * * *."

L.B. 916 increased the number of district judges in Douglas County from 9 to 11 and provided: "* * * The Governor shall, on the effective date of this act, appoint two district judges to fill the vacancies by creation of two additional judges for District No. 4. Such appointments shall be made as provided by the provisions of Chapter 24, article 8."

L.B. 1070, section 8, provided: "The full term of office of each judge shall commence: (1) On the first Thursday after the first Tuesday in January next succeeding the election referred to in sections 24-813 to 24-818, or (2) if appointed pursuant to Article V of the Constitution of the State of Nebraska, on the date of his appointment, as the case may be."

All of the above legislative bills became effective on December 25, 1969.

Pursuant to L.B. 916, and in accordance with the provisions of Article V, section 21, Constitution of Nebraska (the merit plan of judicial selection), the Governor appointed the plaintiffs, Richling and Buckley to fill the two vacancies created. They qualified on January 16, 1970, and are now serving as such district judges.

The plaintiffs assert that Judges Buckley and Richling are entitled to receive a salary of $22,000 per annum

from the State of Nebraska. They also assert that because of the provisions of Article III, section 19, of the Constitution, when Judges Richling and Buckley qualified and commenced their service as district judges, then all other judges of the district court in Nebraska also became entitled to receive the same salary.

Article III, section 19, Constitution of Nebraska, provides in part as follows: "* * * nor shall the compensation of any public officer, including any officer whose compensation is fixed by the Legislature, be increased or diminished during his term of office except that, when there are members elected or appointed to the Legislature or officers elected or appointed to a court, board, or commission having more than one member and the terms of one or more members commence and end at different times, the compensation of all members of the Legislature or of such court, board, or commission may be increased or diminished at the beginning of the full term of any member thereof." This section as to officers elected or appointed to a court, board, or commission was adopted in 1952.

The merit plan of judicial selection was adopted by the electorate in 1962 by constitutional amendment and appears primarily in Article V, section 21, of the Constitution of Nebraska. Subsection (1) of that section provides in part: "In the case of any vacancy in * * * any district court * * *, such vacancy shall be filled by the Governor from a list of at least two nominees presented to him by the appropriate judicial nominating commission."

Subparagraph (3) of section 21, contains the following provision: "At the next general election following the expiration of three years from the date of appointment of any judge under the provisions of subsection (1) of this section and every six years thereafter as long as such judge retains office, each Justice or Judge of the Supreme Court or district court or such other court or courts as the Legislature shall provide shall

have his right to remain in office subject to approval or rejection by the electorate in such manner as the Legislature shall provide; * * *."

The defendants contend that the provisions of Article XVII, sections 4 and 5, of the Constitution of Nebraska, specify the term of office of judges and apply here, rather than the provisions of Article V. They also contend that the initial appointment of a judge under the merit plan does not begin a full term of office. They also assert that each judicial district constitutes a separate district court, and that the judges of the district courts of Nebraska do not constitute a single separate class for purposes of legislation.

Article XVII, section 4, provides that judges "and all other elective officers" shall be elected at the general election "next preceding the time of the termination of their respective terms of office." Article XVII, section 5, provides in part: "The terms of office of all state and county officers, of judges of the supreme, district and county courts, and regents of the University, shall begin on the first Thursday after the first Tuesday in January next succeeding their election * * *."

It is clear that sections 4 and 5 of Article XVII, of the Constitution of Nebraska apply only to elective officers and not to appointive officers. It is also clear that those sections apply to those judges who are still elected. They do not apply to judges who are selected and appointed under the merit plan.

The provisions of Article V, section 21, of the Constitution, apply specifically to judges selected and appointed under the merit plan of judicial selection. Under those provisions, judges are no longer elected to office. They are appointed. Periodic elections are specified at which the electorate may express its approval or rejection of a judge appointed under the merit plan. Such an election is only for the purpose of determining a judge's right to remain or continue in the judicial office to which he was initially appointed.

It is clear that Article V of the Constitution rather than Article XVII is applicable here. Article V is a specific provision dealing only with judges selected under the merit plan, while Article XVII is a general provision applying to all elective officers and judges. Even if both Articles were applicable, the specific provision would control the general. In the interpretation of the Constitution, a specific clause will be given effect as against a general clause in such manner as to give meaning to both and the language of the specific clause will not be restricted by the language of the general clause. State ex rel. Johnson v. Marsh, 149 Neb. 1, 29 N. W. 2d 799; Elmen v. State Board of Equalization & Assessment, 120 Neb. 141, 231 N. W. 772.

The plaintiffs Richling and Buckley were selected and appointed as district judges under the merit plan and thereafter qualified. They were also selected and appointed to fill newly created judicial offices. L.B. 916 specifically directed the Governor to appoint two district judges to fill the vacancies created. The elementary rule applicable to such appointment is: "A newly created office which is not filled by the legislative act creating it, and for which no provision is made by the act for filling it, becomes vacant on the instant of its creation, and remains so until it is filled by an incumbent; * * *." 67 C. J. S., Officers, § 50, p. 210. See, also, Reed v. McKeldin, 207 Md. 553, 115 A. 2d 281. The general rule is: "Where the office is newly created, the term begins when the office is first filled." 67 C. J. S., Officers, § 45, p. 199.

In the case of Schaffner v. Shaw, 191 Iowa 1047, 180 N. W. 853, the Iowa Supreme Court said: "The effect of increasing the number of judges in each of these districts created a vacancy in the office of district judge in each. * * *

"Such period was not the filling out of an unexpired term, and for this reason they could not be within the rule of decisions declaring the term a unit, and holding

that, where the incumbent resigns or dies, the appointee for the remainder of the term comes within the prohibition of any increase or diminution of salary."

The cases seem uniform in holding that an officer appointed to fill a vacancy created by an act creating a new office takes and enters upon a term of his own since there is no previously existing term which such party is to fill out. See State ex rel. Sanchez v. Dixon (La. App.), 4 So. 2d 591.

The Legislature recognized that by L.B. 916 it had created vacancies in judicial offices and the act specifically directed the Governor to fill those vacancies. The newly appointed judges took office and qualified on January 16, 1970. Their rights are to be governed by the applicable laws in effect at the time of their appointment and qualification. In Hamilton v. Foster, 155 Neb. 89, 50 N. W. 2d 542, this court said: "Appellee's rights are controlled by the laws in effect at the time he was elected, qualified, and took over the duties of his office."

On January 16, 1970, when Judges Richling and Buckley qualified and took over the duties of their offices, L.B. 150 was in full force and effect and had been since December 25, 1969. Whatever its nature, at the time the term of office of Judges Richling and Buckley began, the statute provided that each judge of the district court be paid a salary of $22,000 per annum. Judges Richling and Buckley became entitled to that salary upon their appointment and qualification.

The defendants next contend that the initial period of time between the date of appointment and qualification of a judge and the time his name is first submitted to the electorate for approval or rejection is some sort of probationary or temporary appointment. It is argued that this initial period is in some sort of limbo, in which no term of office is ever commenced until after the next general election. In any event, they contend that even if a

judge might begin a term upon appointment and qualification, it would not be a full term.

In 1952, when Article III, section 19, Constitution of Nebraska, was amended, district judges were all elected either for a full term of four years or were appointed temporarily to fill out an unexpired term. Article V, section 21, Constitution of Nebraska, establishing the merit plan, was adopted 10 years later in 1962. That section uses the word "term" only in referring to judges who were holding or elected to fixed terms of office on the effective date of the merit plan amendment. Under both constitutional provisions, the "term" referred to had a fixed and definite duration and applied to elective judges only. Ordinarily the word "term" or "term of office," when used in reference to the tenure of office, means a fixed and definite period of time. See State ex rel. Polk v. Galusha, 74 Neb. 188, 104 N. W. 197. Where there are such fixed and definite periods of time, one who fills an unexpired term serves only the remainder of his predecessor's term and not an independent term of his own. See, Suverkrubbe v. Village of Fort Calhoun, 127 Neb. 472, 256 N. W. 47; Rooney v. City of Omaha, 105 Neb. 447, 181 N. W. 143. Conversely, a judge who is appointed to an independent term of his own enters upon a full term commencing with the date of appointment and qualification. See, Schaffner v. Shaw, *supra;* State ex rel. Sanchez v. Dixon, *supra.*

In 1962, as part of the change incorporated by the merit plan, Article IV, section 11, of the Constitution was also amended. That section establishes without dispute that judges appointed under the merit plan do not hold temporary appointments. Reinforcing the conclusion that the regular term of office of a judge commences with his appointment and qualification are the provisions of Article V, section 21, itself. That section specifically provides that the elections at which a judge's right to remain in office is submitted to the electorate,

both initially and subsequently, date "from the date of appointment of any judge."

The entire structure of constitutional and statutory provisions points clearly to the fact that a judge appointed under the merit plan has a term of office or a tenure of office of his own, which neither fills out the balance of any preceding term nor shortens the time of any subsequent term. It does not constitute a partial term nor any temporary or probationary term. Whether it be referred to as an initial term or as the commencement of his term of office, the full term of any judge appointed under the merit plan of judicial selection begins with his appointment and qualification. The term of office of such a judge can never be incomplete, no matter what event terminates his term or tenure. Upon any termination, his term of office is complete and does not become an incomplete term nor less than a full term.

The action of the Legislature in adopting section 8 of L.B. 1070 was simply declaratory of the Constitution. That section specifically provided: "The full term of office of each judge shall commence * * * (2) if appointed pursuant to Article V of the Constitution of the State of Nebraska, on the date of his appointment * * *."

The final issue is whether the judges of each district court judicial district constitute a separate and distinct class, or whether all judges of the district courts in Nebraska constitute a single class within the thrust of Article III, section 19, Constitution of Nebraska. Constitutional references are mixed. References in some instances are to "district courts," in other places to "the district court." References in some instances are to "judges of the district court," in others to "judges of the district courts." We believe, however, that the provisions of Article V, Constitution of Nebraska, clearly contemplate that the district court is one court of general jurisdiction divided into judicial districts for the transaction of judicial business. Section 12 of Article V comes close to a determinative answer for present pur-

poses. It states: "The judges of the district court may hold court for each other and shall do so when re-quired by law or when ordered by the supreme court." The provisions of Article V, section 2, last amended in 1968, authorize "judges of the district court" to sit with this court under specified circumstances. The multiple references in that section are all plural as to judges and all singular as to the district court. It should be noted also that Article V, section 21, which established the merit plan, specifically provides for a judicial nominating commission for "each judicial district of the Supreme Court and of the district court and one for each area or district served by any other court * * *."

In State ex rel. Taylor v. Hall, 129 Neb. 669, 262 N. W. 835, this court said: "We have no hesitancy in holding that judges of the supreme court, judges of the district court, * * * respectively, constitute separate and dis-tinct classes for purposes of legislation regarding them; * * *."

A district judge is not an officer of the county or counties comprising his judicial district but is an officer of the State. His office is created by the State and in the eyes of the law, each of the judges of the district court is of equal standing. See, Jones v. York County, 26 F. 2d 623; Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689.

We conclude that the district court is a court of gen-eral jurisdiction of this state which was divided into judicial districts for the transaction of judicial business; but that so far as the creation of a court was concerned, the district court was one court of general jurisdiction with interchangeable judges, all exercising the same jurisdiction. Judges of the district court of this state are members of "a court" within the meaning of Article III, section 19, Constitution of Nebraska.

Newly appointed Judges Richling and Buckley, upon their qualification on January 16, 1970, began a regular full term of office as district judges. On that date, the salary provided by law for judges of the district court

was $22,000 per annum. Judges Richling and Buckley became entitled to that salary upon their appointment and qualification. Under the provisions of Article III, section 19, of the Constitution of Nebraska, all district judges of the district court of Nebraska became entitled to the same salary at the beginning of the full term of office of Judges Richling and Buckley.

Judgment is entered for the plaintiffs and the defendants are directed to proceed accordingly.

JUDGMENT FOR PLAINTIFFS.