REQUESTED BY: Raymond E. Baker, Platte County Attorney, Columbus, Nebraska.
Where the salary and terms of employment of a county attorney have been set by the county board of supervisors and the county attorney resigns during his term of office, can the county board establish a different salary and different terms of employment for the attorney appointed to fill that vacancy?
No.
You have informed us that the office of Platte County Attorney will become vacant effective January 1, 1977, due to your resignation. You further inform us that you have been permitted to engage in the private practice of law and received as compensation for your duties $13,400 per year, such amount having been fixed by the Platte County Board of Supervisors. A question has now arisen as to what latitude the county board of supervisors has in establishing a salary and the terms of employment for the attorney appointed to fill the vacancy created by your resignation.
In this regard, your attention is directed to Section23-1114, R.S.Supp., 1976, and Article III, Section 19, of the Constitution of the State of Nebraska. Section 23-1114, R.S.Supp., 1976, provides in pertinent part:
 "(1) The salaries of all elected officers of the county shall be fixed by the county board at least sixty days prior to the closing of filings of certificates of nomination to place names on the primary ballot for the respective offices, . . .'
As is applicable here, Article III, Section 19, of the Constitution of the State of Nebraska provides:
 ". . . nor shall the compensation of any public officer, . . . be increased or diminished during his term of office. . .'
While it might be argued that the word "officers,' as used above, refers to the person occupying the office and not the office itself, we believe the Nebraska Supreme Court adequately answered this argument in State ex rel.Laughlin v. Johnson, 156 Neb. 671, 57 N.W.2d 531 (1953), where they stated:
 ". . . The term of an office and the tenure of an officer are distinct matters which must be disassociated in dealing with Article III, section 19, of the Constitution. . . ."
In this case the state Director of Insurance had held over beyond the expiration of his term during which time the salary for his office had been increased. Thereafter, the Director of Insurance appointed to fill that vacancy sought compensation on the basis of the newly created salary. The court, in denying this relief, held that while his tenure in that office had begun after the salary increase, his actual term of office had not and, therefore, he was prohibited by Article III, Section 19, of the Constitution of the State of Nebraska from receiving compensation at an increased rate.
We believe that a directly analogous situation exists here. The county board of supervisors, prior to the start of the county attorney's term, established a salary and the terms of employment for the upcoming term. We believe, therefore, that any change in the salary or the terms of employment which would affect, in actuality, the compensation received would be violative of the express language of ArticleIII, Section 19, of the Constitution of the State of Nebraska.