REQUESTED BY: Dear Senator Reutzel:
You have requested the opinion of this office concerning LB 99, a proposal for a constitutional amendment to create a Compensation Review Commission. As amended, LB 99 provides for the appointment of Commission members by the Governor, subject to the approval of the Legislature. The bill authorizes the Commission to review salaries and expenses of members of the Legislature, members of the judiciary, and certain executive officers. The Commission would make compensation recommendations to the Legislature before the beginning of each regular legislative session held in an odd-numbered year. Such recommendations, if approved by the Legislature, would become effective at the beginning of the next regular session of the Legislature.
Section 3 of LB 99 provides that if the proposed amendment is adopted, it shall be in force and take effect immediately upon the completion of the canvass of the votes. Bases on the standards articulated by the Nebraska Supreme Court, the proposed amendment, if adopted, would be self-executing.State ex rel. Walker v. Board of EducationalLands and Funds, 141 Neb. 172, 3 N.W.2d 196, 200 (1942), quoting 16 C.J.S., Constitutional Law, § 48, p. 142;State v. Odd Fellows Hall, 123 Neb. 440, 243 N.W. 616,620-621 (1932).
Your request for an opinion dated May 1, 1979, specifically poses the following inquiry:
 "If the constitutional amendment proposed by LB 99 is adopted at either the primary or general election of 1980, may the Governor make temporary appointments to the commission so that it may meet prior to the start of the 1981 legislative session? In other words, would the positions in the commission by `vacated' as contemplated by Article IV, section 12 of the Nebraska Constitution?"
Article IV, section 12, of the Nebraska Constitution provides in pertinent part:
 "If any nonelective state office, except offices provided for in Article V of this Constitution, shall be vacated by death, resignation or otherwise, it shall be the duty of the Governor to fill that office by appointment. If the Legislature is in session, such appointment shall be subject to the approval of a majority of the members of the Legislature. If the Legislature is not in session, the Governor shall make a temporary appointment until the next session of the Legislature, at which time a majority of the members of the Legislature shall have the right to approve or disapprove the appointment. . . ."
A vacancy in office occurs whenever it is unoccupied by a legally qualified incumbent. An existing office without an incumbent is considered vacant whether it is a newly created or an old office. 67 C.J.S., Officers, § 74, p. 386;Garrotto v. McManus, 185 Neb. 644, 648, 177 N.W.2d 570
(1970).
In our opinion, if LB 99 is adopted by the voters in 1980 when the Legislature is not in session, the provisions of Article IV, section 12, would be applicable and the Governor could make temporary appointments until the next session of the Legislature.
Your request for an opinion dated May 2, 1979, additionally poses the following inquiry:
 "1. Assuming that the commission will be able to meet prior to the beginning of 1981 regular legislative session, could the Legislature act upon its recommendations during a special session so that the new compensation rates would go into effect when the Legislature convenes in January 1981?"
LB 99, as amended, provides in pertinent part:
 ". . . Compensation recommended by the commission shall not become effective until approved by the Legislature and when so approved shall become effective at the beginning of the next regular session of the Legislature following the session in which such compensation was approved." (Emphasis added.)
A special session of the Legislature is deemed to be a `session' of the legislative assembly, 81A C.J.S., States,
§ 49, p. 395. We note, in the above-quoted language of LB 99, that the phrase, `regular session,' is employed in the context of the effective date of the compensation, while the word, `session,' is used in the context of the Legislature's act of approval.
In our opinion, the specific omission of the adjective, `regular,' in the latter instance indicates that legislative action on the Commission's recommendations may occur during a special session, assuming compliance with the constitutional and statutory requirements regarding such sessions. If the Legislature approved the Commission's recommendations at a special session convened for that purpose in 1980, the approved compensation would become effective at the beginning of the regular legislative session in 1981.
You have further inquired whether the Legislature could act upon the Commission's recommendations by resolution or whether a legislative bill would be required.
Article III, section 25, of the Nebraska Constitution provides in pertinent part:
 ". . . No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued as the Legislature may direct, and no money shall be diverted from any appropriation made for any purpose or taken from any fund whatever by resolution." (Emphasis added.)
In State v. Weston, 6 Neb. 16 (1877), the court, in considering the constitutional prohibition similar to that quoted above, stated:
 "It will be observed that this provision does not require the appropriation to be made by act of the legislature, but merely that it be `made by law,' so that it may be done either by direction of the constitution itself, that being the supreme law in the state, or by the legislature through the forms prescribed for drawing money from the public treasury. . . ."
The language was quoted with approval in Weston v.Herdman, 64 Neb. 24, 89 N.W. 384 (1902), wherein the Clerk of the Supreme Court was allowed to collect his salary as fixed by the Constitution, despite the failure of the Legislature to appropriate sufficient funds. See also, Atty'Gen Op., 1957-58, No. 57, p. 88.
LB 99 would establish a constitutional procedure to fix the salaries for certain state officers. Such salaries would be appropriated through the operation of the Constitution, itself. In our opinion the legislative action on the Commission's recommendation required pursuant to LB 99 is not limited by the provisions of Article III, section 25, of the Nebraska Constitution. Therefore, in our opinion, the Legislature could act on such recommendation by resolution.