STATE OF NEBRASKA EX REL. MAURICE S. REDMOND,
COUNTY ATTORNEY OF DAKOTA COUNTY, NEBRASKA,
APPELLEE, V. RODNEY R. SMITH ET AL., APPELLANTS.

295 N.W.2d 297

Filed August 8, 1980. No. 42875.

Smith, Smith & Boyd for appellants.

Maurice S. Redmond for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is a quo warranto action instituted by the relator county attorney of Dakota County, Nebraska, seeking to oust the respondents, Rodney R. Smith and Robert P. Garvey, from the offices of county commissioner of Dakota County. The cause was tried on a stipulated set of facts. The District Court for Dakota County, Nebraska, found for the relator and ousted the respondents from the offices of county commissioner as having been illegally appointed. We reverse and dismiss.

On November 7, 1978, the electors of Dakota County, Nebraska, chose by majority vote to increase the number of Dakota County commissioners from three to five. The election returns were canvassed and certified to by the county clerk on November 9, 1978, pursuant to Neb. Rev. Stat. § 23-151 (Reissue 1977). Neb. Rev. Stat. § 32-1040 (Reissue 1978) provides, in part, as follows: "Vacancies in office shall be filled in the following manner: ... in county and precinct offices including county supervisors, by the county board; and in the membership of such board,

except county supervisors, by the county clerk, county attorney, and county treasurer; . . . . Unless otherwise provided by law, all vacancies shall be filled within sixty days after the vacancy occurs, unless good cause is shown that this requirement imposes an undue burden." Pursuant to that section, the incumbent county attorney, clerk, and treasurer met on December 1, 1978, and appointed the respondents, the defendants, to the newly created positions of commissioners of Dakota County. The county attorney, treasurer, and clerk who appointed the respondents had been defeated at the previous election.

The District Court based its decision that the appointments were invalid on its determination that there was no vacancy in the offices at the time of the appointments since Neb. Const. art. XVII, § 5, provides: "Unless otherwise provided by this Constitution or by law the terms of all elected officers shall begin on the first Thursday after the first Tuesday in January next succeeding their election." After assuming the office of newly elected county attorney on January 4, 1979, the relator filed this action.

Several assignments of error are made by the respondents and will be discussed together: Whether the trial court erred in holding that there was no vacancy in the offices of county commissioner immediately following the election in the general canvass of the votes, and that such a vacancy arose only at the start of the term of office in which regularly elected county officials normally would take office.

The arguments of the relator, which were persuasive to the District Court, are difficult to follow but seem to be that since art. XVII, § 5, fixes a term of office and all terms of office must begin the first Thursday after the first Tuesday in January next succeeding the election, no vacancy existed in the newly created offices in spite of the general rule stated in *Garrotto v. McManus*, 185 Neb. 644, 177 N.W.2d 570 (1970), in which we held: "'A newly created office which is not filled by the legislative act

creating it, and for which no provision is made by the act for filling it, becomes vacant on the instant of its creation, and remains so until it is filled by an incumbent; ***.' 67 C.J.S., Officers, § 50, p. 210 [1950]. See, also, *Reed v. McKeldin*, 207 Md. 553, 115 A.2d 281." *Id.* at 648, 177 N.W.2d at 574. The relator also argues that somehow public policy of the State would be thwarted by allowing incumbent officers who were defeated at a general election to appoint officers whose terms would exceed their own.

Logically, relator would require us to hold that in a newly created elective office, the framers of the Constitution intended that the office, after having been created, must remain vacant until it is filled at a general election. We do not now so hold.

We are aware that art. XVII, § 5, of our Constitution requires that the Legislature shall provide for the election of county officials, and the respondents (or those whom relator would appoint) are not elected. To reconcile the various sections of the Constitution and statutes, we need only determine that no section prohibits the filling of newly created vacancies in county offices, the same to serve only until their successors are elected and qualified, thereby fulfilling the requirement of Neb. Const. art. XVII, § 4.

The officers filling the vacancies here obviously were appointed and are not covered by the terms of art. XVII, § 5, until the next full term begins after a general election.

Neither are we persuaded by the dubious public policy arguments where, as here, the Constitution does not provide for filling vacancies in offices created by it; they must be filled in a manner provided by the Legislature for filling vacancies in general. *State v. Furse*, 89 Neb. 652, 131 N.W. 1030 (1911). Neb. Rev. Stat. § 23-149 (Reissue 1977), in pertinent part, provides: "If a majority of votes cast at said election favor such proposition for five commissioners, thereafter said county shall have five commissioners. . . . " The plain meaning of the

language would suggest that immediately after the election, or at least the canvass, when the official vote was announced, there was a vacancy in the office of two county commissioners and, pursuant to § 32-1040, the incumbent officers had the authority and did properly fill the offices. It is a common experience in government that appointments are made by officials whose terms will be of shorter duration than the persons they appoint to office. Other than the vague assertion that somehow the will of the people will be thwarted, we are unable to discover any authority for the proposition advanced by the relator. We hold, therefore, that vacancies were created in the offices of Dakota County commissioner as of the date the offices were created by the voters of Dakota County, that the statutes provided the authority for the incumbent county attorney, clerk, and treasurer to appoint the officers, and that the Constitution offers no impediment to their immediate appointment. Art XVII, § 5, applies by its terms to officers elected at a general election and not officers appointed to fill vacancies. The alternative is that all offices must remain vacant until filled by a person elected at a general election. This would be contrary to our consistent holdings that the Legislature has power under the Constitution to provide for the filling of vacancies in office.

The cause is reversed and dismissed.

REVERSED AND DISMISSED.