REQUESTED BY: Senator Elroy M. Hefner Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Hefner:
In your letter of May 21, 1981, you call to our attention Legislative Bill 552 and inform us that that bill would establish new Supreme Court Districts. You further inform us that under the present factual makeup of our Supreme Court this proposal would place two sitting judges in the same Judicial District in two instances and would create two Districts in which no current judge resides.
You call our attention to Article V, section 5 of the Constitution of the State of Nebraska which states as is applicable to your inquiry:
 Whenever the Supreme Court is redistricted, the judges serving prior to the redistricting shall continue in office, and the law providing for such redistricting shall where necessary specify the newly established districts which they shall represent for the balance of their terms.
As required by this constitutional language this legislative bill specifies which district each sitting judge shall represent `for the balance of his or her term.'
Given the language of Article V, section 21 of the Constitution of the State of Nebraska which requires each such judge to periodically subject his right to remain in office to the approval of the electorate, you ask if a judge's `term' expires at the time of the submission of this question to the voters.
You further inform us of your opinion as to the Legislature's intent which you suggest is to permit the sitting Justices of the Nebraska Supreme Court to remain in office for such period of time as they should desire or so long as they are retained by the electorate.
If, therefore, in our opinion, a judge's term expires at the time the question of their retention is submitted to the electorate, you inform us you are desirous of amending this legislation to make the Legislature's intent clear. We are aware of no instance wherein the Nebraska Supreme Court has directly considered this question. However they did consider many aspects of this question in the case ofGarrotto v. McManus, 185 Neb. 644, 177 N.W.2d 570 (1970). In this case the court had occasion to determine when the term of office of a judge began. However they were not called upon to directly determine the effect of the periodic submission of the office to a vote of retention. The court there did observe however:
 The provisions of Article V, section 21, of the Constitution, apply specifically to judges selected and appointed under the merit plan of judicial selection. Under those provisions, judges are no longer elected to office. They are appointed. Periodic elections are specified at which the electorate may express its approval or rejection of a judge appointed under the merit plan. Such an election is only for the purpose of determining a judge's right to remain or continue in the judicial office to which he was initially appointed.
It would appear from a plain reading of Article V, section5 of the Nebraska Constitution that it was the intent of its drafters that no judge should be deprived of his office as the result of redistricting. We reached such a conclusion in Opinion No. 139, dated October 9, 1963, found in Report of the Attorney General 1963-1964, p. 236. We have also been of the opinion that a judge has a right to tenure beyond the initial term of his appointment subject only to the results of the periodic votes on the question of retention. Opinion No. 165, dated August 12, 1968, found in the Report of the Attorney General 1967-1968, p. 252.
The difficulty with simply concluding that a judge's term once he has been appointed is indefinite save the possibility of the failure to be retained by the electorate is that under Article III, section 19 of the Constitution of the State of Nebraska the salaries of such officials cannot be increased or diminished during their term of office with the exception that when any one of the members of such a body as a court begins a new term of office the salaries of the other members of such bodies such as the court can be increased. In this regard we have been of the opinion at least with respect to district judges that their term begins for purposes of Article III, section 19 at the time of their successful accomplishment of a vote of retention. Opinion No. 128, dated November 4, 1965, found in the Report of the Attorney General 1965-1966, p. 201.
It is therefore difficult to speculate with any degree of certainty the position the Nebraska Supreme Court might take if presented the question either in the context of Article V, section 5 or in the context of Article III, section 19 as to the exact duration of their `term' of office.
We do believe however this question could be resolved by the clarification within the present legislation of the Legislature's intent that sitting judges be permitted to continue in office for as long a period as they desire or so long as they are retained. Toward this end we would suggest that you simply add after the present language `for the balance of his or her term' the language `or so long as he or she shall be retained in office.'
In conclusion therefore we would be of the general opinion that the intent of Article V, section 5 of the Nebraska Constitution is to permit sitting judges to remain in office so long as they are retained and that the legislation as it is currently drafted raises unnecessary questions which could be resolved by the inclusion of explanatory language such as is suggested above.
Sincerely yours, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General