REQUESTED BY: Rex W. Holsapple, State Investment Officer
This is in response to the questions you have asked relating to succession to the office of the state investment officer in the event of a vacancy occurring in the office. You indicate that one of the duties of the Nebraska Investment Council is to elect an "Acting Investment Officer should the need arise."
The initial question you ask is whether it is necessary that the acting state investment officer be a state employee. It is our conclusion that a person appointed by the Investment Council to serve as "acting" state investment officer in the event of a vacancy in the office would necessarily be an employee of the state. For purposes of responding to the question, it is presumed that the acting state investment officer would be a temporary appointment pending appointment of a candidate to fill the office on a continuing basis.
As you have noted, it is a duty of the Investment Council to appoint an acting state investment officer if a vacancy in the office occurs. The prevailing view followed in most jurisdictions for filling vacancies in public offices is that the vacancies may be filled only in the manner provided by law. This view is followed in this state and the Nebraska Supreme Court, in Stateex rel. Redmond v. Smith, 207 Neb. 21, 295 N.W.2d 297 (1980), concluded that, absent constitutional direction, vacancies are filled in the manner provided by the legislature. And, the Investment Council is expressly authorized to designate an acting state investment officer under the provisions of Neb. Rev. Stat. § 72-1241 (1996).
The state investment officer is necessarily an employee of the state in order to fulfill the qualifications and duties of the office. The nature and duties of the office are set forth in the provisions of the Nebraska State Funds Investment Act, Neb. Rev. Stat. §§ 72-1237 to 72-1260 (1996 and Cum. Supp. 1998). Pursuant to Neb. Rev. Stat. § 72-1240 (Cum. Supp. 1998), the appointment of the state investment officer by the Investment Council is subject to the approval of the Governor and a majority of the Legislature. Further, qualifications of the office require that the state investment officer be a person well qualified to administer and invest funds available for investment.
Importantly, the state investment officer is to be a full-time officer of the state and devote his or her entire time and attention to the duties of the office. Neb. Rev. Stat. §72-1241 (1996) states in relevant part: "The state investmentofficer shall devote his entire time and attention to the dutiesof his office. He shall not engage in any other occupation or profession or hold any other public office, appointive or elective." (Emphasis added).
We believe an acting state investment would be required to be a state employee for essentially the same reasons the state investment officer is required to be an employee of the state. A temporary appointee to the office would perform the duties and have the authority of the state investment officer and be required to devote his or her full-time attention to the duties of the office. Thus, an acting state investment officer would necessarily have the same statutory qualifications for the office. The legislative purpose expressed in the statutes is clear, that the person appointed to the office is required to devote his or her efforts to the duties of the office on a full-time basis. A fundamental principle of statutory construction is to attempt to ascertain legislative intent and to give effect to that intent. County of Lancaster v. Maser,224 Neb. 566, 400 N.W.2d 238 (1987); Sorenson v. Meyer,220 Neb. 457, 370 N.W.2d 173 (1985).
In construing a statute, the courts look to a statute's purpose and give the statute a reasonable construction which best achieves that purpose rather than a construction which would defeat it. In re Interest of Joshua M., 251 Neb. 614,558 N.W.2d 548 (1997); Village of Winside v. Jackson, 250 Neb. 851,553 N.W.2d 476 (1996). Further, in construing statutes, implications will not be indulged which are necessarily contrary to and incompatible with the spirit and purpose of the enactment being construed. Bituminous Cas. Corp. v. Deyle, 234 Neb. 537,451 N.W.2d 910 (1990). We believe the purpose expressed in the statutes is that the state investment officer, whether acting temporarily or on a continuing basis, is required to be an employee of the state and to devote all of his or her attention to the fulfillment of the duties of the office.
The related question you ask is whether § 72-1241 precludes "the appointee from their existing business or employment while they are acting as state investment officer"? We believe that the appointee would be unable to continue other employment or business activities since an acting state investment officer would be required to be an employee of the state and to devote all of his or her attention to the duties of the office.
Sincerely,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
Approved:
Don Stenberg 
Attorney General