REQUESTED BY: Janice K. Walker
Nebraska State Court Administrator
 Introduction
You have asked for an Attorney General's opinion concerning the operative date for judicial salary increases as provided in 2009 Neb. Laws LB 414, § 1. LB 414, § 1, among other things, amends Neb. Rev. Stat. § 24-201.01 (2008) to increase the salaries of the Chief Justice and judges of the Nebraska Supreme Court effective on July 1, 2009, and July 1, 2010. The increase in salary paid members of the Nebraska Supreme Court will automatically result in salary increases for all other judges in the Nebraska judicial system and for judges of the Nebraska Workers' Compensation Court. Neb. Rev. Stat. §§ 24-301.01, 24-513, 24-1101(3) (2008) and § 48-159(1) (Cum. Supp. 2008). *Page 2 
You are apparently concerned that beginning these salary increases on July 1, 2009, — as called for by LB 414, § 1 — might conflict with the provision of Neb. Const. art. III, § 19 which states that "the compensation of all members . . . of the judiciary . . . may be increased or diminished at the beginning of the full term of any member thereof."
As you note in your inquiry letter, LB 414 was enacted with the emergency clause and was signed into law by the Governor on May 19, 2009. Thus, the bill went into effect the next day — May 20, 2009 — at 12:01 a.m. Op. Att'y Gen. No. 87049 (April 15, 1987). You also inform us that a new district judge in the 4th Judicial District "took office" nine days later on May 29, 2009. It is in this context that you ask three specific questions.
 1. When does a "full term" of office begin for purposes of Article III, Section 19 of the Nebraska Constitution and specifically related to LB 414?
 2. Is the judge whose term began May 29, 2009, entitled, as of July 1, 2009, to receive the increased salary for district judges as set forth by Neb. Rev. Stat. § 24-301.01?
 3. If the answer is yes, are all other judges of the State of Nebraska also entitled to receive such increased compensation as of July 1, 2009?
 Discussion
LB 414 and Neb. Const. art. III, § 19
Before more directly responding to your specific questions, we deem it important to review the interplay between LB 414, § 1 and Neb. Const. art. III, § 19.
In pertinent part, LB 414, § 1 amends Neb. Rev. Stat. § 24-201.01 (2008) by adding the following language to that section:
 On July 1, 2009, the salary of the Chief Justice and the judges of the Supreme Court shall be one hundred thirty-nine thousand two hundred seventy-seven dollars and sixty-one cents. On July 1, 2010, the salary of the Chief Justice and the judges of the Supreme Court shall be one hundred forty-two thousand seven hundred fifty-nine dollars and fifty-five cents. *Page 3 
Under that statutory language it appears at first blush that the salary increases are to occur on July 1 of 2009 and 2010.
Neb. Const. art. III, § 19, however, places limits on when the judiciary may receive a salary increase. That constitutional provision states that no public official, such as a judge, may receive an increase or decrease in compensation during his or her term of office. See, State ex rel. Laughlin v. Johnson,156 Neb. 671, 678, 57 N.W.2d 531, 536 (1953) (making clear that the compensation of a public officer may not be increased or diminished during his or her term). Art. III, § 19 then goes on, however, to provide an exception which allows such changes in compensation for members of the judiciary to take place "at the beginning of the full term of any member" of the judiciary. Accordingly, Nebraska state court judges may have their compensation increased or decreased only at such time as any member of the judiciary starts a "full term" as a judge.
The reason for constitutional provisions limiting when executive branch and judicial branch officials and judges may receive salary increases or decreases has been set forth in State ex rel.Johnson v. Marsh, 149 Neb. 1, 6, 29 N.W.2d 799, 802 (1947).
 The main intent and purpose of the restrictions contained within section 19, article III, supra, are of course, to aid in maintaining a separation of the executive, legislative, and judicial branches of our government. Such a provision is one of the oldest of the "checks and balances" provided in the federal Constitution and in the Constitutions of most, if not all, of the states. If the Legislature can control the salary of the Governor and members of the judiciary, at will and at any time, then it has a great power toward controlling their will.
Accordingly, if LB 414, § 1 is interpreted as strictly requiring that the salary increases take effect on July 1 of both years, that section would necessarily be deemed unconstitutional because there would be an irreconcilable conflict between it and Neb. Const. art. III, § 19 (unless, of course, some member of the judiciary began his or her "full term" on that same date). In considering the constitutionality or unconstitutionality of LB 414, § 1, however, the following principles, as enunciated inState v. Johnson,269 Neb. 507, 514-15, 695 N.W.2d 165, 171-72 (2005), need to be kept in mind.
 We have set forth well-recognized principles of statutory interpretation providing the framework within which the constitutionality of a statute is *Page 4 
considered. "`It is well established that all reasonable intendments must be indulged to support the constitutionality of legislative acts. . . .'" State v. Ruzicka, 218 Neb. 594, 597, 357 N.W.2d 457, 461 (1984). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. State v. Worm, 268 Neb. 74, 680 N.W.2d 151 (2004). A penal statute must be construed so as to meet constitutional requirements if such can reasonably be done. State v. Hynek, 263 Neb. 310, 640 N.W.2d 1 (2002). "When a statute is susceptible of two constructions, under one of which the statute is valid while under the other of which the statute would be unconstitutional or of doubtful validity, that construction which results in validity is to be adopted." Hookstra, 263 Neb. at 124, 638 N.W.2d at 836. The unconstitutionality of a statute must be clearly established before a court may declare it void. State v. Spady, 264 Neb. 99, 645 N.W.2d 539 (2002). "`The courts will not declare an act of the Legislature unconstitutional except as a last resort on the facts before the court.'" Goodseal, 186 Neb. at 369, 183 N.W.2d at 264 (Spencer and Boslaugh, JJ., dissenting), quoting Stanton v. Mattson, 175 Neb. 767, 123 N.W.2d 844 (1963).
In other words, if it is at all possible to do so, a statute should be interpreted such as to render it constitutional, rather than unconstitutional.
Applying these principles to LB 414, § 1 in light of Neb. Const. art. III, § 19, it appears that the salary increase language of the bill may and should be interpreted as making the increased judicial salaries available as of July 1 of 2009 and 2010 but allowing such increases to actually take place only when permitted under the Nebraska Constitution —i.e., when any member of the state judiciary begins his or her "full term."
Such a reading of LB 414, § 1 would also be consistent with Neb. Rev. Stat. § 24-201.03 (2008), which provides that § 24-201.01, the specific statute amended by LB 414, § 1,
 shall be so interpreted as to effectuate [its] general purpose to provide, in the public interest, adequate compensation for the judges of the Supreme Court, Court of Appeals, district court and separate juvenile courts and to permit a change in such salaries as soon as the same may become operative under the Constitution of Nebraska.
(Emphasis supplied.) *Page 5 
Put another way, the Legislature itself, through § 24-201.03, has directed that the provisions of § 24-201.01 — the section amended by LB 414, § 1 — are to be interpreted in such a manner as to make § 24-202.01 consistent with constitutional requirements as to when judicial salary increases or decreases may go into effect.
We are satisfied, therefore, based on the above discussion, that the judicial salary increases called for by LB 414, § 1 are constitutional under Neb. Const. art. III, § 19 so long as they do not occur until, after the dates set forth in the bill, a member of the judiciary begins a "full term" in office.
Beginning of "Full Term" of a Judge
In light of the foregoing conclusion regarding the constitutionality of the salary increases authorized by LB 414, § 1, your first specific question raises a key issue: When does a judge's "full term" begin so that the salary increases may be put into effect? There is nothing in Neb. Const. art. III, § 19 itself which provides any guidance in this regard; and we have found no other constitutional provision which supplies an answer.
There is, however, a statute which specifically deals with this issue. Neb. Rev. Stat. § 24-819 (2008) states:
 The full term of office of each judge shall commence: (1) On the first Thursday after the first Tuesday in January next succeeding the election referred to
in sections 24-813 to 24-818 [dealing with retention elections], or (2) if appointed pursuant to Article V of the Constitution of Nebraska, on the date of his appointment, as the case may be.
Accordingly, under this statute, if a sitting judge is continued in office by the voters at a retention election called for by Neb. Const. art. V, § 21(3) and Neb. Rev. Stat. §§ 24-813 through 24-818 (2008), his or her new "full term" begins in January following the retention election. If a new judge is appointed in accordance with Neb. Const. art. V, § 21(1), his or her new "full term" begins on the date of the appointment.[1] In this regard § 24-819 is consistent with Garrotto v. McManus,185 Neb. 644, 651, 177 N.W.2d 570, 575 (1970), in which the supreme court said: "Whether it be referred to as an initial term or as the commencement of his term of office, the full term of any judge appointed under the merit plan of judicial selection begins with his appointment and qualification." *Page 6 
Relating these understandings of when a judge's "full term" begins to LB 414, § 1, it is our opinion that the salary increases authorized by the bill may be put into place as soon after July 1, 2009, and July 1, 2010, as a new Nebraska state court judge is appointed; or, if no new judge is appointed before then, the salary increases may be put into place on the first Thursday after the first Tuesday in January following the next retention election at which a sitting judge is continued in office.[2]
Judge Who Took Office on May 29, 2009
In your second question you ask if the district judge who took office on May 29, 2009, is entitled, "as of July 1, 2009," to the salary increase authorized by LB 414, § 1 and automatically applied to district court judges by § 24-301.01. We see no reason why that district judge would not be entitled to the salary increase at the same time as every other district judge would be entitled to it — i.e., as soon after July 1, 2009, as a new Nebraska judge is appointed or in January following the next general election at which any sitting Nebraska judge is retained in office, whichever is earlier.
We assume the genesis of your question is the fact that the district judge "took office" nine days after LB 414 went into effect with the emergency clause. Apparently there is some thought that the salary increase authorized as of July 1, 2009, by LB 414, § 1 can be implemented on that date because a new judge "took office" after LB 414 became law on May 20, 2009, but before July 1, 2009, arrived. We do not believe, however, that this sequence of events changes the conclusion we have reached because LB 414, § 1 itself makes clear the salary increase is to be available, at the earliest, on July 1. In essence, that portion of LB 414 was not to take effect until the July date.
Initially we note that the date a new judge takes office is not really pertinent to the issue of when the judge's full term begins. As discussed above, § 24-819 provides that a new judge begins a full term "on the date of his or her appointment," not when he or she "took office." We assume that the new district judge in the 4th judicial district was appointed by the Governor sometime earlier, *Page 7 
perhaps even before LB 414 was signed into law. Thus, he or she may have begun his or her full term before, not after, LB 414 became law.
Even if we assume that the new district judge's full term did begin after LB 414 was signed by the Governor, to somehow conclude that the salary increase could go into effect on July 1, 2009, so long as any judge's full term began after LB 414 was signed into law — even if that term began before July 1, 2009 — would make little sense and conflict with the language of § 1 of the bill itself. Had the Legislature intended such a result it could have, consistent with Neb. Const. art. III, § 19, simply provided that the judicial salary increase was to occur as soon as any member of the judiciary began a "full term" after LB 414 became law. It did not, however, do so.
Moreover, it is important to note that art. III, § 19 states clearly that the compensation of members of the judiciary may be increased only "at the beginning of the full term of any member thereof." The judge who took office in May did not begin his or her full term on July 1, 2009, the date specified for the salary increase; so to increase judicial salaries on that date simply because the judge took office or began his or her full term after LB 414 became law, but before July 1, would violate the unambiguous language of the constitutional provision.
All Other Judges
In your third question you ask if all other judges will be entitled to receive the increased compensation "as of July 1, 2009." Based upon the discussion above, the answer to this inquiry is quite simple. All judges covered by §§ 24-201.01, 24-301.01, 24-513, 24-1101(3) and 48-159(1) will be entitled to the increased compensation when, after July 1, 2009, any member of the judiciary begins a full term as defined in § 24-819. See, Garrotto v. McManus,185 Neb. at 653, 177 N.W.2d at 576 (holding under an earlier incarnation of art. III, § 19 that all district judges were entitled to a salary increase that had previously been approved by the Legislature when two new district judges were appointed and qualified and, therefore, began their "full term of office"). *Page 8 
 Conclusion
For the sake of clarity, we summarize our responses to your inquiries on this subject as follows:
 1. Under Neb. Const. art. III, § 19 the salaries of members of the judiciary may be increased or decreased only when any member begins a full term.
 2. LB 414, § 1 states that the salaries of members of the Nebraska Supreme Court will be increased on July 1, 2009, and July 1, 2010.
 3. LB 414, § 1 must be read in such a manner as to render it constitutional, rather than unconstitutional. This is especially true in light of § 24-201.03.
 4. In order to be consistent with Neb. Const. art. III, § 19, LB 414, § 1 should be interpreted as providing that the salary increases for the Chief Justice and judges of the Nebraska Supreme Court set forth therein are available as of July 1, 2009, and July 1, 2010, but may not be started until a time after those dates when any member of the judiciary begins a full term.
 5. As provided in § 24-819, a new member of the judiciary begins his or her full term on the date of his or her appointment. An existing member of the judiciary begins his or her full term on the first Thursday after the first Tuesday in January following the election at which he or she was retained in office.
 6. All judges covered by statutes that make their salaries a percentage of the salaries paid members of the Nebraska Supreme Court, including the 4th Judicial District judge who took office on May 29, 2009, will be entitled to the increased compensation when, on some date after July 1, 2009, any member of the judiciary begins a full term.[3] *Page 9 
Sincerely yours,
JON BRUNING Attorney General
Charles E. Lowe Assistant Attorney General
Approved by: _______________________ Attorney General
[1] Section 24-819 has been amended by 2009 Neb. Laws LB 343. The amendments, however, do not substantively change the provision of § 24-819 quoted and discussed in the text above. The only modification of that provision was to change "his appointment" to "his or her appointment."
[2] It is our understanding that the Governor announced the appointment of a new county judge in the 12th
Judicial District on July 28, 2009. News Release at www.governor.nebraska.gov/news/2009/2009 07/7 28 09 western judgeship.html. Accordingly, the increased compensation authorized as of July 1, 2009, by LB 414, § 1 may commence on the date of that appointment.
[3] Again, we note that this contingency has already apparently come to pass with the appointment of a new county judge in late July, 2009.